KEPPLER et al. v. KELLY. (No. 324.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 23, 1918. Rehearing Denied March 13, 1918.)

1. CHATTEL MORTGAGES ⊚⇒8—CONSTRUCTION OF AGREEMENTS—EFFECT.

A written agreement, whereby plaintiff in consideration of $60 bargained, sold, and delivered certain personal property to defendant, and a contemporaneous agreement, reciting that the bill of sale was executed to secure the $60, and agreeing that the property should be transferred to plaintiff on his payment of the $60, were in effect a chattel mortgage and not a pledge, under which either party, by agreement, might have possession of the property.

2. SEQUESTRATION ⊚⇒21—PERSONAL PROPERTY—DAMAGES.

In a suit for damages for the wrongful sequestration of personal property shown to have a particular use to the owner, his peculiar damage from its seizure and detention was recoverable, though in an ordinary case the owner might be entitled only to the wrongful rental value of the property during the period of detention.

3. SEQUESTRATION ⊚⇒21 — WRONGFUL SEQUESTRATION OF PERSONAL PROPERTY—VERDICT—EVIDENCE.

On evidence in a suit for damages for the wrongful sequestration of personal property, judgment for plaintiff for $419.70, in view of the restoration of the property to him, *held* grossly excessive.

Appeal from Milam County Court; W. G. Gillis, Judge.

Suit by Jack Kelly against C. J. Keppler and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded for a new trial.

Henderson, Kidd & Henderson, of Cameron, for appellants. Chambers & Wallace, of Cameron, for appellee.

BROOKE, J. This is a suit by appellee against appellants to recover damages for the wrongful sequestration of personal property. On trial in the county court, the jury found that the property sued for and sequestered by the appellant Keppler in the justice court was over the value of $200, and the justice court case was, on the trial in the county court, dismissed for want of jurisdiction. There was no appeal from this judgment of dismissal. The jury found in the case under review that appellee's damages for the wrongful sequestration of the property was $500, and the court, after deducting an amount which appellee owed the appellant Keppler, and a remittitur by appellee, entered judgment for appellee for the sum of $419.70 against the appellant Keppler. Notice of appeal was duly given and perfected, and the case is before this court for disposition.

[1] The first assignment of error is as follows:

"The court erred in refusing to submit to the jury special charge No. 2, requested by these defendants, to the effect that the bill of sale and contemporaneous agreement in evidence constituted a pledge which entitled defendant Keppler to the possession of the property described in said bill of sale until the $60 mentioned therein was paid, and to the effect that if the jury should find that said $60 was not paid at the time said defendant instituted his suit at Thorndale for the possession of said property, they should answer question No. 2 of the court's main charge in the affirmative; question No. 2 inquiring as to whether said defendant Keppler was entitled to possession of the property in question at the time he instituted his said suit in the justice court at Thorndale."

The plaintiff and defendant had entered into the following agreement in writing:

"Know all men by these presents, that I, Jack Kelly of the county of Bosque and state aforesaid, for and in consideration of the sum of sixty and no/100 dollars to me in hand paid by C. J. Keppler, the receipt of which is hereby acknowledged, have bargained, sold and delivered, and by these presents do bargain, sell and deliver unto the said C. J. Keppler of the county of Bosque and state of Texas, the following described personal property in Bosque county, Texas, to wit:

"[Here follows the description of the property. The instrument is dated August 18, 1916.]

"[Signed] Jack Kelly."

The contemporaneous agreement was as follows:

"The State of Texas, County of Bosque.

"Know all men by these presents, that I, C. J. Keppler of the county of Bosque and state of Texas, for and in consideration of one dollar, and the further consideration of the execution of one certain bill of sale executed by Jack Kelly the 18th day of August, 1916, do hereby promise and agree to said Jack Kelly, that upon his payment of ($60.00) sixty dollars to me in hand, said property described in bill of sale is to be transferred back to said Jack Kelly, it being understood and agreed that said bill of

sale is executed for the purpose of securing the sixty dollars which the said C. J. Keppler has advanced to Geo. H. Sanders to cover balance due him by said Jack Kelly.

"Witness my hand at Iredell, Texas, this 18th day of August, A. D. 1916.

"[Signed]   C. J. Keppler."

Without going into detail, it is only necessary for this court to say that we construe the above instruments together as being a chattel mortgage. Either party under said instruments could, by agreement, have possession of the property, and it is shown that the possession of the property remained in the grantor. Having decided that the instruments together form a chattel mortgage, and not a pledge, we overrule the first assignment of error.

[2] The second assignment of error is as follows:

"The court erred in its charge to the jury in instructing the jury that the measure of damages would be the reasonable value of the use to Jack Kelly of the property seized in sequestration from the date of such seizure to the date of trial; the correct measure of damages in the case being the reasonable rental value of such property during said period."

It is sufficient to say under this assignment that under the facts in this case the property was shown to have a particular use to the owner, and that its seizure and detention caused damages peculiar to such owner. We agree with the proposition, however, of appellants that in any ordinary case the owner, perhaps, would be entitled only to the reasonable rental value of the property during the period of its detention. The assignment is overruled.

[3] The third assignment complains of the finding of the jury on special issue No. 5 submitted in the court's main charge, and says that the verdict is contrary to the great preponderance and great weight of the evidence, and that, in fact, it was contrary to all the evidence of any probative force in the case, in that said finding states the plaintiff Kelly's damage to be the sum of $500, when such evidence shows said plaintiff's damage could in no event approach any such sum, and in fact shows that if he sustained any damage whatever, it was only nominal, and such amount so found by the jury is greatly excessive. The proposition under this assignment is as follows:

"A witness' uncorroborated testimony, which, upon its face, is not only speculative, but inconsistent, contradictory, and incredible, which furnishes no facts or definite information tending to aid the jury in determining the issue involved, and which exhibits a disposition on the part of such witness to deal in extravagant generalties, in disregard of his oath, and to venture reckless opinions which are shown, by the facts he does testify to or admit, to be violently erroneous and incorrect, is without probative force, and will not support a finding of the jury, especially when such witness is a party to the suit."

This assignment must be sustained. The property was restored to the appellee. The jury found that the said tent which was of the value of $300, having been kept from the use of the owner for 2 months and 19 days, would have yielded a net income of $500. The testimony of Jack Kelly was the only testimony in the case with reference to damages. It could in no event be estimated according to the statement of Kelly that it would have yielded or been worth to him any such amount during said time. This court will not attempt to set out the testimony, which is contradictory, and which has no basis for the finding of the jury for such amount, but it will only be necessary to say that in the opinion of this court the finding is grossly excessive, and that for this reason the cause must be reversed and remanded for a new trial. It is so ordered.