## HYWAY MOTOR CO. v. SAULSBURY.
### (No. 1624.)

(Court of Civil Appeals of Texas. Amarillo. June 2, 1920.)

**1. Sequestration** ⊜⟹21 — **Answer authorized treatment of defendant's claim as suit for conversion.**

Under answer in suit for title and possession of an automobile, trial court *held* authorized to treat defendant's claim as a suit for conversion of the car.

**2. Sequestration** ⊜⟹21 — **Owner of property unlawfully seized may recover value with interest.**

In sequestration, as in attachment, if property is unlawfully seized and taken from the owner, he may recover damages sustained, ordinarily the value of the property so taken at the time of the seizure, with 6 per cent. interest from the time.

**3. Sequestration** ⊜⟹21 — **Award of sum to plaintiff for detention of property where interest additional to value insufficient.**

In sequestration, where property is unlawfully .seized and taken from. the owner, it is proper to award a sufficient sum to compensate him for the injury occasioned by the detention of the property in addition to the value, where award of the value with interest is not sufficient.

Appeal from District Court, Gray County; W. R. Ewing, Judge.

Suit by the Hyway Motor Company against W. B. Saulsbury. From judgment for defendant, plaintiff appeals. Affirmed.

Chas. C. Cook and I. E. Duncan, both of Pampa, for appellant.

Hoover & Willis, of Canadian, for appellee.

HUFF, C. J. The appellant, as a partnership, sued appellee for the title and possession of a Dodge automobile, alleged to be of the value of $600; that the appellants employed a man by the name of Stapp, to demonstrate cars and to sell for cash, who had no authority to sell for secondhand cars or to sell secondhand cars; that appellee knew Stapp had no such authority, and without the consent of appellants, or either of them, appellee obtained possession of the car. Sequestration was sued out, and in the affidavit therefor asserted ownership in the appellants, and that they feared appellee would make use of his possession to injure the property. The appellee answered that he bought the car from Stapp, who had authority to sell the same for the appellant, and paid therefor; that appellant accepted the consideration, which was two secondhand cars, for the Dodge; that with full knowledge they ratified the trade and kept the two cars, which were traded in on the Dodge. It is alleged also that the writ of sequestra-

tion was wrongfully sued out and levied on the car; that the value of the car was $600; that by the wrongful detention of the car the appellee was deprived of its use, and damaged thereby in the sum of $250. He also sought under proper allegations exemplary damages. He particularly alleged the use to which he put the car, and that the value of its use was $2 per day. He prayed to recover the title and possession of the car, and in the alternative that he be awarded his damages. The jury· in effect found the car belonged to appellee, and that the grounds of sequestration were untrue, and that he had suffered damages by being deprived of the use of the car, $180. The judgment of the court recited it was agreed that the value of the car was $600. The jury also found exemplary damages in the sum of $1. The trial court, upon the verdict and the agreement, rendered judgment for $781.

[1-3] There is only one assignment, to the effect that the court erred in rendering judgment for the above sum, for the reason that under the answer damages for the value of the car were not legally recoverable. The proposition presented is that damages for conversion is the market value, with interest from the date of conversion. There is no statement of facts in the record. The pleadings were not excepted to, and the assignment here presented by brief was not filed in the trial court. We will only consider whether there is such fundamental error assigned as will require a reversal. Under appellee's answer we think the court was authorized to treat his claim as a suit for conversion. The answer set out the special use for which appellee was using the car when levied upon, and to which he would have continued to place it, alleging its necessity in his business, and his inability to obtain another. We will assume the evidence supported the allegation, and the value of its use, as found by the jury. In sequestration, as in attachment, if property is unlawfully seized and taken from the owner, he may recover the damages sustained, which is ordinarily the value of the property so taken at the time of its seizure, with 6 per cent. interest from that date. Norwood v. Bank, 92 Tex. 268, 48 S. W. 3. This rule, however, is not inflexible. It is proper to award a sufficient sum to compensate the owner for the injury occasioned by the detention of the property, in addition to the value thereof, where an award of the value, with interest, is not sufficient for the purpose. Pridgin v. Strickland, 8 Tex. 427, 58 Am. Dec. 124; Craddock v. Goodwin, 54 Tex. 578; Moore v. King, 4 Tex. Civ. App. 397, 23 S. W. 484; Taylor Bros. v. Kelley, 189 S. W. 340; Fred Mercer Dry Goods Co. v. Fikes, 211 S. W. 830; Ford Motor Co. v. Freeman, 168 S. W. 80; Waller v. Hail, 46 S. W. 82.

(223 S.W.)

The case of Moore v. King, supra, is in its facts, like this. The question is there carefully examined and ably discussed. There is, we think, no fundamental error apparent of record or pointed out by assignment.

The case will be affirmed.