## VAN VELZER v. STRYKER.   (No. 8032.)

(Court of Civil Appeals of Texas.   Galveston.
May 19, 1921.)

1. Estoppel ⬤⇒93(1)—Owner of car not estopped from asserting claim against purchaser, though he stood by and saw repairs made in good faith.

In a suit to recover title and possession of an automobile purchased by defendant from one holding it under a claimant's bond, though plaintiff saw repairs made by defendant at a heavy expense and in good faith, believing the machine to belong to him, and knew defendant was laboring under such belief, and allowed him to complete such repairs before asserting his claim, plaintiff is not estopped from asserting claim to the automobile.

2. Sequestration ⬤⇒15—Owner of automobile entitled to recover value of use while withheld by purchaser under claimant's bond.

The owner of an automobile withheld from him by a purchaser under a claimant's bond is entitled to recover the value of its use withheld from him by such purchaser.

3. Sequestration ⬤⇒15—Recovery for car diminished by value of repairs permitted by plaintiff owner.

In suit to recover title and possession of an automobile purchased by defendant from one holding it under a claimant's bond, where it appeared that plaintiff saw the repairs which were made by defendant at a heavy expense and in good faith, believing the machine to belong to him, and that defendant was laboring under such belief, and allowed him to complete such repairs before asserting his claim, judgment for plaintiff owner for the value of the use of the automobile will be diminished by the cost of repairs.

Error from Harris County Court; Geo. D. Sears, Judge.

Suit by A. C. Van Velzer against A. B. Stryker. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

A. C. Van Velzer, of Houston, for plaintiff in error.

Charles Murphy, of Houston, for defendant in error.

LANE, J.   This suit was instituted on the 15th day of March, 1915, by appellant, A. C. Van Velzer, against appellee, A. B. Stryker, to recover the title and possession of a certain automobile of the estimated value of $250; and for $2 per day for the use of same from the 1st day of January, 1915, until returned to plaintiff.

This is the third trial of this cause. Upon the first trial judgment was for defendant, Stryker, and upon appeal the judgment was by this court reversed and the cause remanded. The opinion of this court on that appeal is reported in 188 S. W. 723.

Upon the second trial judgment was for the plaintiff, Van Velzer, and upon appeal that judgment was by the Beaumont Court of Civil Appeals reversed and the cause remanded, because the trial court failed to file its findings of fact and conclusions of law upon the request of the defendant. The opinion on that appeal is reported in 212 S. W. 674.

On the 19th day of November, 1919, after the judgment had been reversed by the Beaumont Court of Civil Appeals, plaintiff filed his second amended petition, whereby he sues for the automobile and for $745, the alleged value of the use of same.

Defendant, Stryker, answered by general denial, and by specially pleading that if the automobile was the property of Van Velzer he is estopped to claim same: First, because one McKenzie, the vendor of appellant, Van Velzer, who formerly owned the automobile and who sold the same to Van Velzer, had, prior to his sale, sued the Houston Motorcar Company, who were in possession of the automobile, for the same; that in such suit he (McKenzie) recovered judgment and by virtue of such judgment had the sheriff of Harris county to take possession of the automobile; that one McKee, who set up claim to the automobile, thereupon filed his claimant's bond and oath and the automobile was delivered to him; that thereafter McKenzie

sued McKee and his bondsmen and recovered judgment for the automobile, or for its value in the event the automobile could not be recovered; that during the pendency of the last-named suit McKee sold and delivered the automobile to one Smith, who bought in good faith without notice of McKenzie's claim; that thereafter Smith sold to one A. E. Lundell, and that Lundell sold to appellee, Stryker, both of whom were without notice of the claim of McKenzie, and that, by reason of his suit and the judgment entered in his favor against McKee and his bondsmen, McKenzie had elected to stand by such judgment and was thereby estopped to further claim the automobile as against appellee, Stryker; second, because after Van Velzer learned that Stryker had the automobile, and knew that he was in good faith claiming the same, and knew that he was having the same repaired at a heavy expense, he gave Stryker no notice of his claim but suffered him to have such repairs made upon the automobile.

He prayed that Van Velzer be denied any recovery whatever, but that, in the event judgment be against him in favor of Van Velzer, he have judgment over against A. E. Lundell, from whom he purchased, for any such sum as may be adjudged against him in favor of Van Velzer.

A. E. Lundell, who was made a party defendant by appellee, Stryker, made no answer.

The undisputed evidence shows the following facts:

One E. D. McKenzie was the owner of the automobile in 1913. Said automobile was found by him in the possession of the Houston Motorcar Exchange. On the 15th day of February, 1914, McKenzie brought suit against said exchange for the automobile, and at the time caused a writ of sequestration to issue, under which the sheriff of Harris county took possession of the automobile. On the 4th day of March, 1914, the suit of McKenzie v. Houston Motorcar Exchange was called for trial, and, upon a disclaimer being entered by the exchange, judgment was entered against it in favor of McKenzie for the automobile. On the 16th day of May, 1914, one H. McKee filed a claimant's oath and bond, and the automobile was delivered to him by the sheriff on the 19th day of May, 1914. E. D. McKenzie did not join issue with the claimant, H. McKee, under the provisions of the statute which provides for the trial of the rights of property taken under a claimant's bond, but on the 29th day of May, 1914, he brought suit against H. McKee and the sureties on his claimant's bond for the title and possession of the automobile and for damages, and prayed that, if said car could not be found and returned to him, he have judgment against the principal and sureties for $250, the alleged value of the automobile. During the pendency of that suit, to wit, on the 16th day of July, 1914, H. McKee sold and delivered the automobile to one Smith. On the 15th day of January, 1915, the case of McKenzie v. H. McKee et al., on the bond was tried and resulted in a judgment for McKenzie against H. McKee for the title and possession of the automobile and against H. McKee as principal and F. R. Seedman, Jake Marti, T. B. Nicholas, and H. Bissonnet as sureties for $121.50 as damages, and for $250 if the automobile was not delivered to him (McKenzie), and for writ of possession and execution. On the 4th day of February, 1914, McKenzie sold the automobile to plaintiff, Van Velzer, who had acted as McKenzie's attorney in all of the suits.

On the 12th day of February, 1914, A. E. Lundell, acting for Smith, who bought from McKee, sold and delivered the automobile to appellee, A. B. Stryker, who bought in good faith without notice of the adverse claim of Van Velzer. Some time during the month of March, 1915, appellee, Stryker, had the automobile overhauled and repaired at a considerable cost to him. While the repairs were being made, appellant, Van Velzer, saw the automobile and observed that such repairs were being made, and made claim to the same, but waited until such repairs were completed and paid for by Stryker before he made known to him that he (Van Velzer) claimed the automobile.

Both E. D. McKenzie and appellant, Van Velzer, testified that McKenzie had sold the automobile to Van Velzer, and no one testified to the contrary.

The cause was tried before a jury upon the special issues, in answer to which they found: First, that the reasonable value of the automobile at the time appellee, Stryker, purchased it was $100; second, that after appellant, Van Velzer, saw the automobile at the garage where it was being repaired, repairs of the value of $25 were made thereon; third, that when Van Velzer first saw the automobile in the garage, and saw that it was being repaired, he knew that it was the one he had purchased from McKenzie, and knew that Stryker was having it repaired, and that had Van Velzer told Stryker that he (Van Velzer) claimed the automobile Stryker would not have continued to repair the same; fourth, that the value of the use and hire of the automobile from March, 1915, to date of the trial was $37.50.

Upon the answers of the jury being returned into court both Van Velzer and Stryker filed their respective motions for judgment in their favor. Whereupon the court rendered judgment decreeing that Van Velzer take nothing by his suit and that A. B. Stryker take nothing by his action against A. E. Lundell, and that both Stryker and Lundell go hence without day. From this judgment Van Velzer has appealed.

Appellant contends, first, that the court erred in not rendering judgment in his favor

for the value of the automobile, as found by the jury, because it was shown by the undisputed and uncontradicted evidence that he was the owner thereof and entitled to recover its value.

This contention, we think, should be sustained. In his answer the defendant, Stryker, recites as facts the matters and things as found by the court, including those relating to the suit and judgment of McKenzie v. McKee, and then alleged as follows:

"And that thereafter, on or about the 4th day of February, 1914, McKenzie, without having the possession of said automobile, or even knowing its whereabouts, executed a bill of sale of said automobile to plaintiff, who neither had possession of said automobile, and who had been the attorney for said McKenzie in all of his suits."

These allegations unquestionably admit that the automobile, which was placed in possession of McKee by McKenzie and for which McKenzie sued McKee, was sold by McKenzie to appellant, Van Velzer. Therefore appellee should not now be heard to say that there were certain circumstances shown which would have justified the trial judge in finding that the automobile was not in fact sold by McKenzie to appellant, Van Velzer, and, besides, both McKenzie and appellant testified that the automobile was so sold, and their testimony was not contradicted by the testimony of any witness.

The admission of appellee, as well as the undisputed evidence, shows that appellant was the owner of the automobile, and it follows that he was entitled to judgment for its value as found by the jury, unless he was estopped by reason of the matters and things alleged by appellee as constituting an estoppel.

[1] We held upon a former appeal of this cause (188 S. W. 724) that the matters pleaded by appellee would not estop appellant from asserting his claim to the automobile, and we see no reason to recede from such holding.

Having held that judgment should have been rendered in favor of appellant for the value of the automobile under the admitted and undisputed facts, there remains only to be determined the question as to what judgment should be rendered upon the answers of the jury to the issues submitted to them.

[2, 3] Assuming then, as we must and as we have found, that the automobile was owned by appellant, Van Velzer, and that he was entitled to recover its value, we must further hold that he was entitled to the value of its use which was withheld from him by appellee, Stryker, which the jury found to be $37.50. We further hold, however, that in view of the finding of the jury that appellee, Stryker, had expended $25 in making repairs on the automobile, by reason of the fact that Van Velzer failed to inform him of his claim

to the same after he (Van Velzer) had found the same in his possession and knew that such repairs were being made, said sum of $25 so expended by appellee, Stryker, should be deducted from the sum of $37.50 found by the jury as the value of the use of the automobile, leaving a balance due Van Velzer of the said sum of $37.50, of $12.50.

It is shown by the record that after Van Velzer had found the automobile in the garage, and after the repairs mentioned above had been made thereon, he sued out a writ of sequestration, by virtue of which the sheriff took possession of the automobile, and that thereafter the automobile was delivered to appellee, Stryker, upon his replevin bond, signed by himself as principal and by Lee N. Hall, N. Stryker, and E. M. Biggers as his sureties.

In view of the facts and conclusions stated, we have reached the further conclusion that the judgment of the trial court should be reversed, and that judgment should be here rendered in favor of appellant, Van Velzer, against appellee, A. B. Stryker, and his sureties as such for the sum of $112.50, and that if the automobile is returned to the sheriff the value thereof, as may be found and determined by said officer, if any, shall be credited upon such judgment in the manner and condition as provided by articles 7107 and 7108, Vernon's Sayles' Civil Statutes; and it is so ordered.

It is further ordered that appellee, Stryker, have judgment over against A. E. Lundell for the sum of $100; same being the amount of the judgment rendered in favor of Van Velzer against Stryker as the value of the automobile sold by Lundell to him.

Reversed and rendered.