## BROWN et al. v. SPECTOR.
### No. 2549.

Court of Civil Appeals of Texas. Beaumont.
March 29, 1934.

Rehearing Denied April 18, 1934.

Crook, Lefler & Cunningham, of Beaumont, for appellants.

J. T. Adams, D. C. Bennett, and H. M. Kinard, all of Orange, for appellees.

WALKER; Chief Jusice.

We are compelled by the showing made by appellees to strike appellants' briefs. In his motion to strike, appellee Brown prays that the briefs be stricken and "the cause be in all things affirmed." The motion filed by appellee J. Spector, plaintiff below, was to strike and dismiss the appeal and, in the alternative, to affirm. The motion of appellee Brown to strike the brief and affirm the judgment requires us to search the record for fundamental error; under this motion to affirm, though appellants have no briefs, the record must be searched for fundamental error. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811, 812, is directly in point in support of this proposition.

The following statement is taken from the first amended original petition of appellee J. Spector, the conclusions of fact and law filed by the trial court, and the judgment based upon the petition and the conclusions of fact and law, all of which must be carefully examined on an assignment of fundamental error. We make no reference to, and have made no examination of, the statement of facts. This is the rule announced by this court in Yardley v. Houston Oil Co., 288 S. W. 861.

On the 9th day of April, 1931, appellant L. Toplitz, principal defendant below, doing business under the trade-name of National Finance Company, instituted a suit in justice court, precinct No. 1, Jefferson county, against appellee Spector to recover the sum of $140 and to foreclose a chattel mortgage lien against appellee Spector's Buick automobile. Appellant Toplitz sued out a writ of sequestration against appellee Spector and, on the 16th day of April following the institution of the suit, had appellee Brown, sheriff of Orange county, execute the writ by seizing and taking into his possession the automobile. Appellant Toplitz executed to Sheriff Brown an indemnity bond with New Amsterdam Casualty Company and W. T. Kenna as sureties, whereby he bound himself to pay the sheriff "all damages he may incur by

reason of the execution of the bond." In justice court appellant Toplitz alleged the value of the automobile at $196. Appellee Spector answered that suit with a plea to the jurisdiction of the justice court which, upon trial in justice court, was overruled; whereupon, he duly perfected his appeal to the county court, and upon trial there the plea to the jurisdiction was sustained and the suit dismissed, on the 15th day of December, 1931.

This suit was filed by appellee Spector in the district court of Orange county against appellant Toplitz doing business as National Finance Company, New Amsterdam Casualty Company, W. T. Kenna, and Sheriff Brown and his official sureties, to recover damages for the wrongful seizure of his automobile under the writ of sequestration issued in the justice court. In his first amended original petition, filed on the 8th day of October, 1932, appellee Spector pleaded generally the facts stated above and further that the automobile had been continuously in possession of Sheriff Brown from the day it was first seized under the justice court writ of sequestration. As his measure of damages he pleaded that the value of the automobile had deteriorated while in Sheriff Brown's possession from a value of $800, when it was seized, to $50, the date the amended petition was filed; and further as follows: "The plaintiff further alleges that he has been deprived of the value of the use of said car, and of the value of the hire, revenue and rent of same from the time of its illegal seizure until the present time in the further sum of Two Thousand Four Hundred Eighty-Five and no/100 ($2,485.00) Dollars, actual damages and in this connection plaintiff alleges that the value of the use, hire, revenue and rent of said car from the time of its illegal detention until the present time is the sum of Five and no/100 ($5.00) Dollars per day, which said sum plaintiff alleges to be reasonable."

In his answer Sheriff Brown prayed for judgment against the principal and sureties on his indemnity bond for any sum he might be forced to pay appellee Spector; and surety Kenna answered to the same effect as against appellant Toplitz.

The trial was to the court without a jury, with judgment on the 2d day of June, 1933, in favor of appellee Spector against all of the defendants for $2,885; with judgment in favor of Sheriff Brown over against appellant Toplitz, New Amsterdam Casualty Company, and W. T. Kenna for any amount he might be forced to pay under the judgment, and with $200 additional as attorney's fees; judgment was also rendered in favor of surety Kenna against appellant Toplitz for any sum he might be forced to pay under the judgment. In support of this judgment the trial court filed conclusions of fact and law, from which we quote as follows:

"9th. I further find that the automobile seized by virtue of said writ of sequestration was at the time of its seizure by said sheriff, of the market value of Four Hundred Fifty ($450.00) Dollars, and that the same is now of the market value of Fifty ($50.00) Dollars, and that the value of the use, hire, revenue and rent of said car from the time of its seizure and detention is Five ($5.00) Dollars per day, and that said sum is reasonable, and that plaintiff has been deprived of the use, hire, revenue and rent of said car since its seizure by the sheriff aforesaid.

"10th. I further find that W. T. Kenna was a surety on the indemnity bond executed by him.

"11th. I further find that by reason of the suit herein, the defendant Brown has paid or contracted to pay an attorneys fee of Two Hundred ($200.00) Dollars, and that same is reasonable."

Under the proposition of fundamental error, the judgment of the lower court in favor of appellee Spector against all the defendants for $400, the depreciation in the value of the automobile, is affirmed; with judgment in favor of Sheriff Brown on his indenmity bond against L. Toplitz, New Amsterdam Casualty Company, and W. T. Kenna; and in favor of surety Kenna over against L. Toplitz as principal in said bond. This order follows because an inspection of the record discloses no fundamental error against this part of the judgment.

The judgment in favor of appellee Spector against all the defendants named in the judgment for damages for "the use, hire, revenue and rent of said car since its seizure by the sheriff" at $5 per day for 497 days, totaling $2,845, must be reversed as fundamentally erroneous, without support in the pleadings and findings of fact by the trial court. It is now the settled law of this state that it is not proper to estimate the value of the use of an automobile, horse, mule, wagon, etc., for a long period of time by proof of the value of such use by the day. Vaughn v. Charpiot (Tex. Civ. App.) 213 S. W. 950, and authorities therein cited, and Montgomery v. Gallas (Tex. Civ. App.) 225 S. W. 557, 562.

In the case last cited it was said: "It is a matter of common knowledge that there would have to be very exceptional circumstances to make the use of property for a year worth 50 per cent. more than its value."

In this case for a period of only 497 days, representing the time the automobile was held by Sheriff Brown up to the filing of the first amended original petition, judgment was rendered in Spector's favor for the use of his automobile a sum in excess of 5½ times the value of the automobile at the time it was seized. The judgment in the sum of $2,485 for the use of this automobile is so against the "common knowledge" of mankind as to be fundamentally erroneous.

■ Though the motion of appellee Spector was first to strike the briefs and dismiss the appeal, and only in the alternative to affirm, the judgment in his favor must also be held fundamentally erroneous. On this proposition it was said in the Haynes Case, supra, that, where the record has been inspected, as we are forced to inspect it under the motion of appellee Brown, "the court would not meet the requirements of justice if its eyes were closed to fundamental error' when found. This just procedure was recognized by our Supreme Court many years ago (Rio Grande R. Co. v. City of Brownsville, 45 Tex. 88); and no reason is discerned for disregarding it now."

It follows that the judgment of the lower court to the extent of $400 should be affirmed, as stated above, and in all other respects reversed and remanded for new trial.

Affirmed in part, and in part reversed and remanded.

On Rehearing.

■ Our order of reversal included the judgment for $200 awarded appellee Brown as attorney's fees against appellants L. Toplitz, New Amsterdam Casualty Company, and W. T. Kenna. The findings of the trial court awarded this attorney's fee as compensation for representing appellee Brown against the claim for damages asserted against him. As the judgment in Brown's favor was reversed in all respects except as to the damages to the automobile, it follows, of course, that the judgment for the attorney's fee for the entire defense was without support.

■ The judgment in favor of appellee Spector does not present the issue of "bias and prejudice" against the trial court. The trial court found the specific facts set out in the original opinion, and these facts have our approval, since without a brief we are not authorized to search the record to determine their merits. We reversed the judgment of the lower court simply upon the ground that in assessing the damages the trial court applied an incorrect principle of law.

The motions for rehearing are in all things overruled.