## SHELL PETROLEUM CORPORATION v. CLEMENT.

### No. 3043.

Court of Civil Appeals of Texas. Beaumont.

Feb. 18, 1937.

J. T. Adams and D. C. Bennett, both of Orange, and R. H. Whilden, of Houston, for appellant.

K. W. Stephenson, of Orange, for appellee.

O'QUINN, Justice.

Appellee brought this suit in the justice court of precinct No. 1 of Orange county against appellant to recover for damages to his automobile occasioned by a collision between his car and a truck being operated by an employee of appellant, and for the loss of the use of his said car following said collision. The pleadings were oral. The collision occurred on January 5, 1935. The suit was filed on May 20, 1935, for $23 damages to the car, and $135 for the loss of the use of the car to the time of the filing of the suit. Appellant answered by general demurrer and general denial reserving the right to plead further orally. On July 9, 1935, the case was called for trial, and appellee orally amended his pleadings asking for $23 damages to the car, and $175 for the loss of the use of the car to that date. The case was tried to the court without a jury and judgment rendered for appellee in the sum of $198, being $23 for damages to the car and $175 for the loss of the use of the car from the date of the collision to the date of the trial. Appellant appealed this judgment to the county court of Orange county, where same was tried to the court on January 14, 1936, and judgment rendered for appellee in the sum of $198, being $23 for damages to the car and $175 for the loss of the use of the car. This appeal is from that judgment.

There seems to be no contest as to the item of $23 damage to the car. The contest is as to the damages for the loss of the use of the car. Appellant insists that recovery was sought on the basis of $1 per day, and that such recovery—that is at a certain amount per day—cannot be recovered. We take it that this contention is based upon the fact that when appellee filed his suit in the justice court on May 20, 1935, he asked for damages for the loss of the use of the car to that date in the sum of $135 which was at the rate of $1 per day, but the case was not tried until July 9, 1935, at which time appellee amended his pleadings and asked for damages for the loss of the use of his car in the sum of $175. This was considerably less than $1 per day. He sought to recover for the loss of the use

of his car "throughout the entire period" of his deprivation of such use. This was an abandonment of the rate of recovery shown by the citation out of the justice court, and a plea for damages suffered for loss of the use of the car for the period of time between the date of collision, January 5, 1935, to the date of the trial in the justice court on July 9, 1935, or 185 days. In the trial in the county court, appellee was asked this question: "Now Mr. Clement this case was first tried in the justice court on the 9th day of July, 1935. From the 5th day of January, 1935, (the date of the collision) up to the date of the trial on the 9th day of July, 1935, what was the reasonable value of the use of that car during that period?" He answered: "$175.00." This was the amount awarded in the judgment in both courts.

■■ While it is true that in answering questions relative to the amount claimed for the loss of the use of the car on May 20, 1935, the date the suit was filed in the justice court, he testified that the use of the car was worth $1 per day to him, and it so happened that 135 days had elapsed from the date of the collision, and the amount claimed then for the loss of the use of the car was $135, and he was asked how he arrived at that amount, and he explained by stating that the uses he put the car to—for family use, that he was in the family grocery business and used the car in going to the dealer from whom he purchased goods and transported the purchases to his place of business thus saving the delivery charges, and used the car in delivering sales from his store to his customers thus acquiring and holding customers increasing his sales, and in going into the country and buying produce, eggs, and poultry for his store, thus saving costs, and making a greater profit on his sales, and other uses—all of which uses he estimated together to be worth $1 per day. After this examination, in that connection, he was asked by his counsel: "What would you say was the reasonable value of the use of that car *during the entire period*" (the 135 days)? He answered: "$135.00." It is seen that appellee was testifying to the special value of the use of the car to him which was proper. Also it must be remembered that the case was not tried until July 9, 1935, and that on that date appellee amended his pleadings and asked for $175 damages for the loss of the use of the car to that date, which was considerably less than a dollar per day, but was a lump sum for the entire period from the date of the collision on January 5, 1935, to the date of the trial on July 9, 1935, and so not subject to the objection of appellant that damages were sought on a per day basis.

■■ Among other decisions, appellant cites us to the case of Brown v. Spector (Tex.Civ.App.) 70 S.W.(2d) 478, which it insists is in point and controlling under the facts of this case. That decision was by this court, and, under the facts there shown, we think was correctly decided. But it is believed that the facts in that case and in the instant case easily distinguish them. In the Brown v. Spector Case the car had been forcibly seized under sequestration and its possession and use denied the owner for a period of 497 days, almost one and one-half years. The startling sum of $2,485 was allowed for the loss of the use of the car. We there held that such judgment, under the shown facts, was fundamentally erroneous, and announced the rule that the damages for the loss of the use of a car *for a long period of time* should not be based upon the value of daily use. In the instant case the damages were not asked for a long period of time—from the date of the collision to the date of trial in the justice court 185 days—but for about six months, and that, as we view the pleading and evidence, not on a daily basis, but a certain sum covering the *"entire period of time."* In the Brown v. Spector Case the plaintiff alleged the value of the loss of the use of his car to be $5 per day and prayed for judgment for that sum for the period of 497 days. Here there was no allegation of daily value of the loss of the use of the car, and the prayer was for $175 for the loss of the use of the car for the entire period ending with the trial in the justice court. As we view the cases there are several important distinctions in both the pleading and the period of time for which the damages were sought. In Montgomery v. Gallas, 225 S.W. 557, Judge Moursund, speaking for the San Antonio Court of Civil Appeals, in discussing the question, said in an action involving damages for loss of the use of personalty for a period of more than two years, the court should have charged the jury not to base their estimate on a daily, weekly, or monthly value of the use, *but to determine the value of the use for the entire period.* That is what was done in the instant case. He but announced the well-recognized rule that the value of the use for a short peri-

od of time might be much greater proportionately than for a long period.

No reversible error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.