**DE GEORGE et al. v. RODGERS–DE LONG HOTEL CO.**

No. 10724.

Court of Civil Appeals of Texas. Galveston.

Feb. 23, 1939.

Rehearing Denied March 23, 1939.

C. A. Teagle, of Houston, for appellants.

Fowler & Conn, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $3,510 judgment in appellee's favor against appellants, entered by the 11th District Court of Harris County in response to a jury's verdict on special issues, as for the excess of its damages resulting from appellants' wrongful suing out of sequestration writs against it over rents owed by it to appellants.

This further general statement of the nature and result of the suit, thought to be correct as such, is taken from appellee's brief:

"On the 16th day of November, 1925, Mr. DeGeorge, the father of the plaintiffs, who is now dead, entered into a written lease with Richard Rodgers and Mack De-Long, of the DeGeorge Hotel, in Houston, for a period of ten years; said lease being later transferred to the Rodgers-DeLong Hotel Company, a corporation; thereafter the Hotel Company entered into an agreement with the DeGeorge heirs for a reduction of rent, and later entered into two other agreements as to the reduction of the rent, said reductions and changes being in the nature of a novation as to a contract of rental with a valuable consideration, and the rentals were paid up to and including a month before the termination of the final lease term; no demand was ever made or claimed to have been made for the rentals.

"Plaintiffs brought this suit against the corporation, contending that there was due to them the sum of $48,900.00 in rents, which were unpaid, as a result of the nonfulfillment of the lease-contract; they issued two sequestrations and took possession of all of the Hotel furniture, using it, up to and including the time of the trial of the case, in the operation of the Hotel. A cross-action was brought against them by the defendant for damages for wrongful sequestration, and the jury found there was only $600.00 rent due, that such amount had been tendered and refused, that the Rodgers-DeLong Hotel Company was entitled to $4100.00 damages, less the $600.00 due."

The inquiries to the jury and its answers thereto, touching the issues made by the pleadings and evidence, were these:

"No. 1. What amount of money, if any, do you find from a preponderance of the evidence that the defendant corporation is indebted to the plaintiffs as rental on the DeGeorge Hotel? $600.00.

"No. 2. Do you find from a preponderance of the evidence before you that plaintiffs, in the month of October, 1931, made with the defendant corporation the oral agreement alleged by defendants, by which the plaintiffs were to receive as rental the net profits from the Hotel in lieu of a fixed monthly rental? They did.

"No. 3. From a preponderance of the evidence do you find that the defendant, Rodgers-DeLong Hotel Company, paid the plaintiffs the net profits from the DeGeorge Hotel? It did.

"No. 4. Do you find from a preponderance of the evidence before you that plaintiffs, in the month of December, 1933, made with the defendant corporation an oral agreement by which thereafter the plaintiffs were to receive $600.00 per month as rental on the DeGeorge Hotel for the balance of the lease term? They did.

"No. 5. From a preponderance of the evidence before you, do you find that the Rodgers-DeLong Hotel Company tendered to Gasper DeGeorge, as agent for the DeGeorge Estate, the sum of $600.00? It did.

"No. 6. From a preponderance of the evidence at the time such tender was made, if you have found that such tender was made, what amount was due the plaintiffs by the defendant Rodgers-DeLong Hotel Company under the terms of their rental agreement? $600.00.

"No. 7. From a preponderance of the evidence do you find that the Rodgers-De-Long Hotel Company before the serving of the writ of sequestration on November 11, 1935, did not attempt to waste, injure, or destroy any of the property in the hotel? It did not.

"No. 8. From a preponderance of the evidence do you find that before November 11, 1935, the defendant Rodgers-DeLong Hotel Company did not contemplate the waste, injury or destruction of any of the property located in the DeGeorge Hotel? It did not.

"No. 9. Do you find from a preponderance of the evidence that plaintiff DeGeorge believed, at the time he made the affidavits for writs of sequestration, that the defendant corporation would injure, waste, and destroy the personal property covered by the liens herein? He did not.

"No. 10. Do you find from a preponderance of the evidence that the plaintiff De-George had good cause to believe, at the time he had issued the writs of sequestration herein, that the defendant corporation would injure, waste or destroy the personal property on which he had a lien? He did not.

"No. 11. From a preponderance of the evidence what do you find to be the reasonable market value of the personal property belonging to the Rodgers-DeLong Hotel Company seized under the two writs of sequestration, at the time of its seizure in Houston, Texas? $3,600.00.

"No. 12. From a preponderance of the evidence do you find that the personal property seized under the two writs of sequestration had any rental value from the dates of the seizure up to the time of the trial of this case? It did.

"No. 13. If you have answered the preceding Special Issue No. 12, 'It did', and only in that event, then from a preponderance of the evidence state what was the reasonable monthly rental value of such personal property, if you have found that the same did have a rental value? $30.00 per month.

"No. 14. Do you find from a preponderance of the evidence that the affidavit of Gasper DeGeorge made on or about November 7, 1935, to the effect that he feared that the defendant Rodgers-DeLong Hotel Company would waste, injure or destroy the personal property described in the first writ of sequestration was not true? It was not true.

"No. 15. Do you find from a preponderance of the evidence that the affidavit of Gasper DeGeorge made on or about February 14, 1936, to the effect that he feared that the defendant Rodgers-DeLong Hotel Company would waste, injure or destroy the personal property described in the second writ of sequestration was not true? It was not true.

"No. 16. What amount of exemplary damages, if any, do you find from a preponderance of the evidence in favor of the defendant, Rodgers-DeLong Hotel Company? None."

The appellee has filed no cross-assignment complaining of the jury's awarding it no exemplary damages, hence that phase of the case is at an end.

The quoted findings of the jury are only attacked under appellants' assignments 10, 11, and 12, in these respects:

(1) The verdict and judgment on the rental due appellants from appellee was contrary to the evidence, in that it was clearly shown that more than enough rental to cover the whole sum of appellee's cross-bill had accrued and was owing appellants long before any reduction of the rent;

(2) That its answer to No. 7 was without any support, in that the undisputed evidence showed the appellee to have removed from the hotel and secreted a large part of the furniture before the sequestration writs were issued;

(3) The verdict and judgment were excessive, in that appellants were entitled to a credit of $1,800 for the nine months from November 16 of 1930 to August 31 of 1931 when the rental was $2,000 per month, together with $820 more for the period from October to November 12 of 1936.

■ This court fails to find any lack of supporting testimony for these or any others of the jury's findings; on the contrary, it seems to it that the testimony of Gasper DeGeorge himself negatived that he was claiming any rent except that under the $600 agreement, and as to this, both officers

of the appellee company testified that the $600 the jury found was the only amount due him.

■ As affects the finding under No. 7, no evidence has been pointed out tending to show that the appellee attempted to waste, injure, or destroy any of the property in the hotel; on the contrary, it conclusively appears that it merely wanted to use the furniture it had therein for others of its hotel properties in Houston.

The (3) specification has already been disposed of supra, hence no further comment upon it need be made, except to add that it constituted an attempt to go back some five years during the life of the lease between the parties to predicate a set-off upon conditions then existing, whereas appellant DeGeorge himself in effect testified, as recited supra, that he was not claiming any rent except that under the subsequent $600 agreement; and the jury evidently took him at his word.

Other assignments, the first four, complain of the admission of evidence in these particulars:

(1) The petition in the prior forcible detainer suit, affecting possession of the leased property appellants had filed against appellee, was wrongfully admitted in evidence in this suit, which involved rents on the property alone, whereas the former one solely related to the right of possession of it;

(2) Receipt of the witness DeGeorge's testimony that appellee had placed $1,900 worth of fans in the hotel, over objections by appellants that this suit did not involve such fans, was prejudicial;

(3) Richard Rodgers' testimony that the rental value of the furniture in two rooms of the hotel—over a period of 16 months— was $100 per month, was improperly received, over the objection that such rental value was not the proper measure of damage;

(4) Rodgers' further testimony as to the market value of the goods taken by the sheriff under the sequestration writs as of the time of such seizure was inadmissible, because the witness did not lay a proper predicate for market value, nor did he stipulate the time he was testifying about.

■ As applied to the setting in which they were made, none of these objections are thought to have been well taken; the learned trial Judge expressly limited receipt of the petition in the prior forcible detain-er suit solely to the purpose of impeachment, as affecting the testimony of the witness Gasper DeGeorge, and it was clearly admissible for that purpose; he had sworn in that petition that many months of rent were unpaid, whereas, as already indicated, on this trial his own testimony and records at least tended to show contrarily (if not admittedly) that no such rents were ever due or claimed, but that only those under the subsequent reduction of the rental to $600 per month had ever been due from the appellee; since appellants admit that pleadings in a prior suit between the same parties are admissible "when there is an effort to impeach one of the plaintiffs, or to show admissions" on their part, citation of authorities is unnecessary.

■ The admission on cross-examination of appellant DeGeorge's testimony that appellee had placed $1,900 worth of fans in the hotel was apparently merely incidental to the appellee's contention that it had in good faith done everything available while operating it to keep the hotel in good going condition, in return for which the reductions in the rent it contended for had in fact been made; wherefore, if objectionable at all, it plainly constituted no such error as should entail a reversal of the judgment.

■ As affects the witness Rodgers' testimony that appellee was deprived of the rental value of the furniture seized by appellants under the sequestration writs of $100 for about 16 months, it is true that— as appellants contend—the owner's damage for property unlawfully seized in sequestration is ordinarily its value at the time of seizure, but that rule is not inflexible; in instances like the present one, where, under the facts obtaining, such market value is plainly not an adequate compensation for the injury occasioned, the rental value also may be added. Keppler v. Kelly, Tex.Civ. App., 201 S.W. 447; Hyway Motor Co. v. Saulsbury, Tex.Civ.App., 223 S.W. 322; Railey v. Hopkins, 50 Tex.Civ.App. 600, 110 S.W. 779; Craddock v. Goodwin, 54 Tex. 578, 579. Any other rule would have allowed the appellants here to have first wrongfully taken this furniture into their possession as a part of the hotel equipment under the sequestration writs, and then used the same from day to day for the benefit of their business in operating the hotel, and thereby profited from their own wrongdoing in suing out the writs, without fully compensating the appellee for the deprivation visited upon it.

The final insistence that no proper predicate nor time stipulation was laid for Rodgers' complained of testimony as to the market value of the seized furniture at the time of its seizure is likewise overruled; the parties agree that, in instances where no replevy bond is filed, the proper measure of damages for wrongful sequestration is the value of the property taken at the time of the seizure (38 Texas Jurisprudence, page 268, par. 102), and this testimony was applied to just such a situation, the record showing that Rodgers' testimony was as to the market value of this furniture at the time of such seizure; hence the sole objection made thereto was abortive.

Concluding assignments five to nine, inclusive, assert various specified grounds of error on the trial court's part in submitting to the jury quoted special issues 16, 8, 11, and 13; the leading one being that neither No. 16 nor any other inquiry on that subject should have sought to elicit any finding whatever upon the question of exemplary damages, because that issue was not in this case, for the reason that under the express terms of the lease and chattel mortgage here involved these appellants were given the right to seize such furniture and there was no evidence of malice, force, or violence on their part in making the seizure they did.

In the first place, as indicated, the jury found in appellants' favor on the issue of exemplary damages as submitted, and the appellee has made no complaint here by cross-assignment against that determination, wherefore, that phase of the controversy terminated, unless in some way not disclosed the mere submission of that inquiry deprived appellants of some right; no such showing is made; on the contrary, the pleadings and evidence not only raised issues of a wrongful sequestration, but one accompanied by malice and wanton disregard of appellee's rights; consequently, notwithstanding the clause in the chattel mortgage authorizing the appellants to seize or take possession of the mortgaged property, the right of action still existed for such exemplary damages as the jury might award. Clark v. Pearce, 80 Tex. 146, 15 S.W. 787.

The complaints against special issues 11 and 13 have been, in effect, disposed of by what has already been said, hence further discussion of them will be foreborne.

As concerns No. 8, the presentment seems to be that the learned trial court erred in the use of the word "contemplate" in seeking to elicit by that inquiry a finding upon whether or not the appellee at the time inquired about intended or was about to inflict waste, injury, or destruction upon any of the property it then had in the appellants' hotel; this whole feature appears to this court to be something of a splitting of hairs over fine distinctions, and there is no merit in the claim for prejudicial error upon it; the word "contemplate" as used in the special issue, according to Webster's Unabridged Dictionary, was to be understood as having this meaning: "To have in view as contingent or probable, or as an end or intention, to look forward to, to propose or intend"; when given that interpretation, the criticism of it is thought to present an imaginary rather than a real difficulty.

Considered as an entirety, despite the contrary contentions of able counsel, the cause appears to this court to have been fairly tried upon properly submitted inquiries embodying the material issues raised under the pleadings and proof, and the jury's verdict thereon, supported by sufficient evidence, settled the controversy in appellee's favor.

It follows that an affirmance should enter; it will be so ordered.

Affirmed.