**STATE v. PARCHMAN et ux.**

No. 6412.

Court of Civil Appeals of Texas. Texarkana.

Nov. 18, 1948.

Rehearing Denied Dec. 16, 1948.

Price Daniel, Atty. Gen., and Charles E. Crenshaw and Artie Stephens, Asst. Attys. Gen., for appellant.

R. T. Wilkinson and Woodrow H. Edwards, both of Mt. Vernon, for appellee.

WILLIAMS, Justice.

Roy Parchman and wife, plaintiffs below, in this action prosecuted with permission of the legislature against the State of Texas and the State Highway Department, recovered judgment for $1750 as damages to plaintiffs' farm and crops allegedly the result of defendants' construction of a drainage channel used in connection with the relocation of a section of State Highway 67 in Franklin County, Texas. The judgment was general, containing no findings of fact or conclusions of law.

One long bridge and two other outlets were constructed in the new section located north of the old highway in lieu of five bridges crossing Denton Creek and other small streams that were in the area. The water from the streams located on plaintiffs' land was diverted by means of a drainage channel so as to decrease the number of bridges. No point presented attacks the sufficiency of the evidence to support the implied findings of the trial court that above construction of the drainage channel damaged plaintiffs' farm as a result of overflows.

In the first count, plaintiffs predicated their cause of action upon an alleged breach of contract. They alleged that the drainage channel had been constructed only fifty feet wide and ten feet deep contrary to an oral agreement later allegedly incorporated in an easement that it was to be constructed at a shallow depth not over three feet deep but much wider; namely, three hundred feet, and as constructed in violation of the alleged agreement, it did not properly care for the disposal and outlet for the waters from the streams in the area. A judgment upon this theory, namely, upon a breach of contract, does not find support in any competent and legal evidence in the record.

In an alternate count plaintiffs alleged:

"That the construction of the channel in the manner shown was a contributing cause, as well as a concurring cause, in any and all damages sustained by plaintiffs, set out in detail above, and therefore defendants, by virtue of the construction of the channel in the manner in which it was actually constructed, is liable for all damages sustained by plaintiffs."

It is upon this alternate count that plaintiffs seek to sustain the judgment upon the theory that a servitude was created upon their land; namely, forty acres, not actually taken in the construction of the drainage channel. Appellant makes no attack upon

the sufficiency of the pleadings to support this theory.

Appellant asserts, it being the vital point presented in this litigation, that:

"The trial court erred in rendering judgment for the Parchmans, because the undisputed evidence is that Roy Parchman accepted the award money for his land with knowledge that the drainage channel would cause future flood damage to his remaining land, thus *establishing as a matter of law* that the Parchmans were not entitled to judgment for additional compensation."

After the Parchmans refused to sell to defendants the required land upon which the proposed drainage channel was to be constructed, the State instituted condemnation proceedings, to condemn a strip 300 feet by 425 feet needed for the channel which began on plaintiffs' farm and crossed land of others on to the long bridge in the new section of the highway. The first jury of view assessed damages of $650. Later another jury of view was called which assessed the damages at $750. The State appealed from the latter award. While the appeal was pending, a settlement was reached under which the Parchmans accepted and were paid the $750. They at the time executed an easement deed to the 300 by 425 feet strip. Parchman participated and testified in the condemnation proceedings in which he "protested the taking the land at all;" "didn't want a ditch of any kind cut on his land;" "told the jury his side of it" and "that if they built the channel at all (he thought) it would cause greater damage" which "was his idea then and is now;" and "I figured it would damage me and I didn't need it." He realized that they were going to take it by condemnation, and from that time on "my real consideration was to get as much money as possible; that was my main interest."

In support of the position asserted that the Parchmans are *not entitled to judgment* for any additional compensation under this record, appellant cites La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243, 246, wherein it is stated:

"In a proceeding for the condemnation of a part of a tract of land for street or road purposes, it is presumed that the amount of damages allowed covers all lawful elements of damages, whether direct or consequential, that could reasonably have been foreseen and determined at the time of condemnation; *and where a part of a tract of land is condemned for street or road purposes, the owner cannot recover in a subsequent proceeding for consequential damages to the remainder of the land which he ought reasonably have foreseen and presented in the condemnation proceeding.* State v. Brewer, 141 Tex. 1, 169 S.W. 2d 468. (Emphasis ours.)"

Above holding would support appellant's position here urged, if the conclusion be reached that Parchman ought reasonably have foreseen at the time of the condemnation hearing such consequential damages to the remainder of his land as here urged and to have presented same in that hearing. According to the testimony of the highway engineer, the channel had been constructed according to plans and specifications that had been adopted which was identified and introduced in the instant trial. The same were exhibited to the jury of view and the proposed construction detailed and explained to them at the time. It was the opinion of the engineer at that time that the construction of the channel according to those plans would not have caused the overflows complained of. Parchman was not a civil engineer. We do not feel warranted in disturbing the implied findings of the trial court that such facts and circumstances were insufficient to warrant the conclusion, that as a matter of law, the Parchmans ought reasonably to have foreseen the alleged consequential damages to the remainder of the land by reason of the overflows. State v. Hale, 136 Tex. 29, 146 S.W.2d 731; State v. Littlefield, Tex.Civ.App., 147 S.W.2d 270.

The judgment is affirmed.