**The STATE of Texas, Appellant,**

v.

**J. H. BRUNSON et ux., Appellees.**

**No. 434.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 27, 1968.

Rehearing Denied Dec. 19, 1968.

Crawford C. Martin, Atty. Gen., Woodrow Curtis, Asst. Atty. Gen., Austin, for appellant.

Mahoney, Shaffer & Hatch, Richard J. Hatch, Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

This appeal involves the recovery by appellees J. H. Brunson and wife on their cross-action of damages for loss of rental value of a house trailer allegedly converted and/or wrongfully taken by appellant without payment of just compensation. Appeal is from a judgment for appellees based on a jury verdict.

In a condemnation suit in which a trial de novo was had in county court after ob-

jections had been duly filed by the property owners to the award of the special commissioners, the State of Texas was awarded an easement for highway purposes over a tract of land belonging to appellees, and appellees recovered $14,308.00 as damages for such right of way easement. This county court judgment was not appealed from and became final. For more detailed recitation of facts, see, on former appeal of the present suit, Brunson v. State, Tex.Sup.Ct., 418 S.W.2d 504, which affirmed in part, reversed and rendered in part, and reversed and remanded in part, Brunson v. State, Tex.Civ.App., 410 S.W.2d 9.

There was located on said property certain improvements, including the house trailer here involved. The county court judgment was silent as to the disposition of these improvements. The Brunsons, after the judgment in the condemnation proceedings in the county court, removed this house trailer off the property, whereupon the State filed this suit in the district court alleging the acquisition of title to such property by virtue of the county court judgment and a wrongful conversion by the Brunsons to their use and benefit. Thereafter, the State recovered possession of the house trailer under a writ of possession and retained same from September 13, 1962, to the date of this trial in January, 1968.

Appellees filed a cross-action against the State and others who are no longer parties to the litigation (see the above cited Supreme Court opinion) alleging that title to the house trailer had not passed to the State, and claiming damages for conversion. All parties filed motions for summary judgment on the liability issues. As shown in the above cited opinions of the Court of Civil Appeals and Supreme Court, the motion of Brunson was overruled and the others were sustained in the district court. Thus, a leading issue on the former appeal was whether title to the house trailer had passed to the State by reason of the condemnation proceedings, and, subsidiary thereto, whether Brunson had wrongfully removed it aft-

er the judgment and whether the State had wrongfully taken possession.

The Supreme Court held that the State had secured only an easement over the land for highway purposes, and had not obtained any title to the house trailer; that the lower courts had erred in sustaining the State's motion for summary judgment and in overruling Brunson's motion; and on the State's suit against Brunson, rendered judgment that the State take nothing. The Court severed into a separate cause Brunson's cross-action, and remanded such cause to the trial court for further proceedings consistent with their opinion. In view of the holdings of the Supreme Court on the issues involved, it appears that such further proceedings would involve only the issue of damages which the Brunsons were legally entitled to recover for the taking by the State of the house trailer without paying adequate compensation therefor. Brunson v. State, Tex.Sup.Ct., 418 S.W.2d 504; Texas State Constitution, Art. 1, § 17, Vernon's Ann.St.

A few days before the trial of this cause in January, 1968 after the remand, the State by an amended pleading first recognized Brunsons' right to possession of the trailer house, and tendered same to them. Possession thereof was taken by appellees in January, 1968, during the trial. The only issue submitted to the jury on said trial was:

"What sum of money, if any, do you find from the preponderance of the evidence to be the reasonable monthly rental value of the subject trailer since September 13, 1962?"

The answer of the jury was: $125.00 per month.

The court rendered judgment against the State for $8,041.66, and for the return of the house trailer to appellees. This amount was monthly rental value as found by the jury multiplied by the number of months appellant retained possession of the house trailer.

Appellant's first point of error reads:

"The trial court erred in granting Brunson's motion to strike the State's cross-action and granting Brunson's motion in limine suppressing any evidence introduced before the special commissioners in the condemnation proceedings. (Germane to Assignment of Errors I, II, Amended Motion for New Trial)"

■ The State in their cross-action to appellees' cause alleged in substance that the Special Commissioners in making their award had included the sum of $3,000.00 as the reasonable value of the house trailer, and that when appellees had withdrawn the State's deposit of the amount of the special commissioners' award, they received payment of $3,000.00 for said trailer house, and that they were not entitled to retain said $3,000.00 and continue to assert title to said property.

The Supreme Court held contrary to this contention in Brunson v. State, supra. It was there held that the county court's judgment was clear and unambiguous in its terms, and only awarded the State the easement which it sought for right of way purposes, and fixed the amount of the damages for such easement. The Court stated that the judgment of the county court is not subject to impeachment or collateral attack by the tendered proof of the stance of the parties before the special commissioners or of other collateral matters.

Appellant's first point is overruled.

The State in oral argument before this Court withdrew its second point of error, and we shall not consider it.

■ Appellant in its points of error Nos. 3–8 inclusive and in the argument and discussion thereunder questions the propriety of the rule pertaining to the measure of damages applied by the trial court in the special issue and in the judgment. Appellant contends that such special issue was improper and not the ultimate issue under the evidence, that the jury's answer was not supported by evidence, and that the amount

of the judgment is greatly excessive, and is without evidence to support it. Appellees in their third and fourth counterpoints and in their statements and arguments thereunder reply that the court correctly overruled appellant's objections to the special issue and correctly submitted same, and that there was abundance of evidence to support the judgment.

There was much testimony by witnesses who qualified as experts concerning the market value of the house trailer at the time possession was taken by the State in 1962, and also at the time that possession was returned to appellees in January, 1968. The top value in 1962, according to the evidence, was $4500.00, and the low value was $1725.00. The testimony as to market value in January, 1968, ranged from $700.00 to $1600.00. There was also considerable testimony of the rental value of the house trailer during the time it was in the State's possession. Such evidence ranged from a high of $200.00 per month to a net low of $50.00 monthly.

At the close of the evidence appellees, having obtained possession of the house trailer, chose to go to the jury on the issue of loss of rental value during the period of time their property was withheld from them by the State, rather than on the issue of depreciated value. We agree with appellees that where possession of one's property is unlawfully obtained by writ of possession, sequestration, or other action, and the owner subsequently recovers possession, he may recover, *if the evidence supports the issue* for reasonable rental value proved to have been lost during the period of the unlawful detention. Brown v. Guaranty Securities Co., Tex.Com.App., 265 S.W. 547, holding approved by Sup.Ct.; Ford Motor Co. v. Freeman, Tex.Civ.App., 168 S.W. 80; Hyway Motor Co. v. Saulsbury, Tex.Civ.App., 223 S.W. 322; Van Velzer v. Stryker, Tex. Civ.App., 233 S.W. 146; Halff Co. v. Waugh, Tex.Civ.App., 183 S.W. 839, wr. ref.; Montgomery v. Gallas, Tex.Civ.App., 225 S.W. 557; De George v. Rodgers-De

Long Hotel Co., Tex.Civ.App., 126 S.W.2d 79, wr. dis.

The special issue inquired only concerning the reasonable *monthly* rental value since September 13, 1962. The trial court, upon receipt of the verdict, multiplied the jury's answer of $125.00 per month by the number of months from September 1962 to the date of surrender of possession by the State in January, 1968, and reached the total of $8,041.66, for which sum it rendered judgment. But the evidence does not establish, and the jury did not find, that the house trailer could or would have been rented during each and every one of said months in this period of 64 months; in fact the testimony introduced by appellees of rental value concerned rentals of much shorter durations. Such testimony also indicated constant depreciation in the property's value. Although it may well be that the evidence would have justified an issue inquiring of the rental value of the house trailer during the period its possession was withheld from appellees, it was not proper procedure to arrive at the value of use for rentals for 64 months by securing a jury finding of its rental value by the month, and multiplying this figure by 64.

In Brown v. Spector, Tex.Civ.App., 70 S. W.2d 478, n. w. h., suit was brought against Sheriff Brown and others including Brown's sureties on his bond to recover damages for the wrongful seizure of plaintiff's automobile under writ of sequestration.

We copy as follows from the Court's opinion:

"The judgment in favor of appellee Spector against all the defendants named in the judgment for damages for 'the use, hire, revenue and rent of said car since its seizure by the sheriff' at $5 per day for 497 days, totaling $2,845, must be reversed as fundamentally erroneous, without support in the pleadings and findings of fact by the trial court. It is now the settled law of this state that it is not prop-

er to estimate the value of the use of an automobile, horse, mule, wagon, etc., for a long period of time by proof of the value of such use by the day. Vaughn v. Charpiot (Tex.Civ.App.) 213 S.W. 950, and authorities therein cited, and Montgomery v. Gallas (Tex.Civ.App.) 225 S.W. 557, 562.

"In the case last cited it was said: 'It is a matter of common knowledge that there would have to be very exceptional circumstances to make the use of property for a year worth 50 per cent. more than its value.'

"In this case for a period of only 497 days, representing the time the automobile was held by Sheriff Brown up to the filing of the first amended original petition, judgment was rendered in Spector's favor for the use of his automobile a sum in excess of 5½ times the value of the automobile at the time it was seized. The judgment in the sum of $2,485 for the use of this automobile is so against the 'common knowledge' of mankind as to be fundamentally erroneous."

See, Hudson v. Wilkinson, Tex.Sup.Ct., 45 Tex. 444; Shell Petroleum Corporation v. Clement, Tex.Civ.App., 102 S.W.2d 289, n. w. h.; Page v. Hancock, Tex.Civ.App., 200 S.W.2d 421, syl. [4], wr. ref. n. r. e.; Reiner v. Marceau, Tex.Civ.App., 338 S.W. 2d 285, syl. [7], n. w. h. See also Curtis v. Carey, Tex.Civ.App. Corpus Christi, 393 S.W.2d 185, n. w. h., and authorities there cited.

We feel that the following quotation from Hudson v. Wilkinson, written in 1876, is very apposite to the situation as shown by the present record:

"We may also remark that if Wilkinson had become the absolute owner of the wagon and mules by payment of Stewart's note to Dean, although he would have been entitled to recover for their hire, it was not proper to estimate the hire by proof of the value of their hire by the day. Such proof furnishes no reasonable criterion for an estimate for the length of time the jury were called upon to assess him. The result attained from such evidence glaringly exhibits its impropriety. It would have been only an exaggeration in degree, but not more objectionable in principle, if the hire by the hour had been proved, and the aggregate amount fixed, multiplying this amount by the number of hours the wagon and mules had been detained."

We feel that considering the evidence in this case the rule would also apply to monthly rental value over a period of 64 months.

■ The impropriety of using the method of multiplying the number of months of lost rentals by the monthly rental value in arriving at the damages is well illustrated by the present case. According to the evidence most favorable to appellees, the difference between the maximum market value of the house trailer in September, 1962 ($4500.00) and the minimum in January, 1968 when appellees got it back ($700.00) is $3800.00. The judgment figure is over double this sum. Such recovery would greatly exceed the "adequate compensation" guaranteed by Article 1, § 17 of the Texas Constitution to one whose property is taken for public use.

■ The judgment is excessive in amount, but under the conflict in evidence on the value questions, we are unable to estimate the amount of the excess and apply Rule 440, Texas Rules of Civil Procedure. The only alternative is to reverse and remand.

Reversed and remanded.

NYE, Justice (concurring).

I agree that this case must be reversed and remanded for trial because of the improper submission of the issue of damages. The liability for the "taking" of appellees' trailer is based upon the constitutional provisions (Art. 1, Sec. 17, Texas Con-

stitution) which permit recovery under the eminent domain theory, rather than any tort liability (State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 1941), and should not be confused with a claim for damages caused by the negligent act or wrongs committed by its agents or officers. State v. Malone, 168 S.W.2d 292 (Tex.Civ.App.–Austin 1943, wr. ref. w. o. m.). The power of the State to take and damage private property is subject to the right of the owner thereof to adequate and proper compensation. State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194 (Comm'n App.1936, Opinion adopted). While the wrongdoer is not allowed to profit from his own wrong, the same rule should apply to the party allegedly aggrieved. Minter v. Sparks, 246 S.W.2d 954 (Tex.Civ.App.–Dallas 1951, ref. n. r. e.). Such action is authorized whereby the owner may recover for injuries to his property not covered by the assessment of damage in a prior condemnation. State v. Parchman, 216 S.W.2d 655 (Tex.Civ.App.– Texarkana 1948, err. ref.); 30 C.J.S. Eminent Domain § 400, p. 485.

The State took appellees' house trailer in 1962 and returned it to them in January 1965. The detention of the trailer by the State for this long period of time has caused injury and damage to the appellees, for which the Supreme Court in Brunson v. State, 418 S.W.2d 504, has directed that further proceedings be had, relative to the damages caused to the Brunsons. The trial court without any further guideline will be faced on another trial with determining the proper compensation for the injury resulting from the State's action.

It is generally recognized in the State of Texas and elsewhere that the damages recoverable in cases of conversion or unlawful detention of property, are based on the value of the property converted and the interest on such value computed from the date of the conversion to the time of trial. 42 Tex.Jur. p. 583, sec. 65 and cases cited. 16 Am.Jur.2d, Sec. 82, et seq., p. 263. In this case appellees are entitled to damages based on the reasonable cash market value

of the house trailer at the time of its conversion with interest thereon from the date of the conversion at the proper rate until date of trial. The State is entitled to a credit against this amount for the returned trailer which appellees accepted based on its reasonable cash market value at the time it was returned.

Generally, the plaintiff is not entitled to recover the value of the loss of use of his property during the period of detention, the theory being that the allowance of interest upon the value of the property at the time of its conversion is equivalent to the value of the use of the property detained. Moore v. King, 4.Tex.Civ.App. 397, 23 S.W. 484. Recovery for loss of use is based on actual damages suffered by the plaintiff and should not be confused with damages for unlawful or willful taking which are exemplary damages, and for which the State is not liable.

Where the interest will not fully compensate the plaintiff, he may, in a proper case, recover the value of its use in lieu of interest, which could be properly included in the award for damages. Moore v. King, supra; 89 C.J.S.—Trover & Conversion § 172, p. 649. The correct measure of damages has been set out in Field v. Munster, 11 Tex.Civ.App. 341, 32 S.W. 417 (1895, Opinion adopted by Supreme Court, 89 Tex. 102, 33 S.W. 852, wr. ref.). In determining the question under what circumstances recovery of damages for loss of use, or alternatively of interest, the Supreme Court has expressed itself on the proposition. The Court directs that the jury should take into consideration the value of the use for the whole length of time it has been deprived, and allow such an amount for actual damages that will compensate the plaintiffs, whether computing it by the rule of interest or that of value of loss of use as to the jury may seem most adequate to that result. Craddock v. Goodwin, 54 Tex. 578. See Harris v. Christianson-Keithley Company, 303 S. W.2d 422 at 430 (Tex.Civ.App.–Galveston 1957, ref. n. r. e.) which follows the Crad-

dock opinion. The jury is entitled to know all of the facts for a proper determination of the damages, including the length of time of the detention of the trailer by the State.