### J. W. HOPKINS V. WARREN CRAVEY.

#### No. 7412.

85  189
36a 192

1. **Public Road Laid Out Through Private Property.**—The owner of land through which a public road has been surveyed is entitled to an injunction against the opening up of such road until adequate compensation be made for the land to be taken.  The compliance with the statute by making the necessary deposit of the value of the land, will be ground for dissolving such injunction, at costs of the county or road overseer.

2. **Establishing Public Road — Assessment of Damage.** — The county commissioners may reduce the assessment of damages reported by the jury of view, and by them allowed the owner of land through which the public road is established.  Sayles' Civ. Stats., art. 4372.

3. **Delay in Opening Public Road.**—Damages were assessed November, 1888, by the Commissioners Court in favor of an owner of land through which a public road was established.  A road overseer was appointed and ordered to open the road one year after.  In December, 1889, the overseer was proceeding to open the road when the injunction was sued out.  Subsequently the money allowed the owner was deposited for his use.  *Held*, that the right to proceed and open the road was not lost by such delay.

APPEAL from Mills.  Tried below before Hon. W. A. BLACKBURN.

*Goodwin & Cleveland*, for appellant.—1.  Mills County had no right or authority to deprive appellant of his property without having first paid or secured the payment of the damages awarded him.  The paying or securing of the payment of the damages is a condition precedent to its right to appropriate the land.  The taking of the property and payment therefor should be concurrent acts.  An offer to pay the damages sixteen months after the property was condemned comes too late; and after the lapse of such length of time, and after suit had been resorted to, appellant ought not be required to accept the damage and surrender his property.  Const., art. 1, sec. 17; Rev. Stats., arts. 4372, 4373; Railway v. Ferris, 26 Texas, 588; Acts spec. sess. 1884, pp. 19–25, 63, 64.

2. If the Commissioners Court deemed the damage awarded appellant by the jury of view excessive, it should have discharged the jury and appointed another, or avoided the property so greatly damaged. It had no authority to reduce, without plaintiff's knowledge or consent, the damages awarded him. Rev. Stats., arts. 4360–4390; Acts spec. sess. 1884, pp. 19–24, 63, 64; Acts 1885, p. 92.

COLLARD, JUDGE, *Section A.*—J. W. Hopkins, appellant, brought this suit the 4th day of December, 1889, against Warren Cravey, appellee, by petition for injunction to restrain Cravey, as road overseer, from opening a road through plaintiff's farm and premises.

The grounds upon which the injunction was sought are, that the jury of view appointed by the Commissioners Court to lay out and define the road had allowed plaintiff $225 damages for right of way across his land, and that their report was adopted by the Commissioners Court of Mills County, Texas, at its November Term, 1888, except as to the amount of damages allowed appellant, which it, without his knowledge or consent, reduced to $75. That the action of this court in reducing his damages was void. That at the November Term, 1889, said court appointed Warren Cravey overseer of said road, and directed him to open the same, which he was proceeding to do when enjoined. That at the time the report of the jury of view was approved, and at the time the road was ordered opened, appellant had not been paid the damages awarded him by the Commissioners Court, nor had either sum been deposited or secured by deposit, as required by law.

Appellee filed his answer on the 20th day of March, 1890, and which contained a general demurrer, a general denial, and a special plea, alleging that on the 9th day of March, 1890, the sum of $75 had been deposited to the credit of appellant by the county treasurer, and appellant notified thereof, and on that ground asking dissolution of the injunction.

On trial before the court without a jury the injunction was dissolved, but inasmuch as the law regulating the opening of roads was complied with after suit, and as plaintiff had a good cause of action at the time suit was filed, the costs were adjudged against the defendant.

Plaintiff appealed, and assigns as error the decree dissolving the injunction, and the holding that subsequent to the granting of the injunction the law with regard to opening roads had been complied with, and that only such subsequent compliance entitled defendant to a dissolution of the injunction.

The jury assessed the damages at $225, as alleged, and the Commissioners Court reduced the amount to $75, declaring that the amount assessed was excessive, and ordered that the clerk issue warrant to Hopkins for the $75 against the road and bridge fund. On the 16th of May,

1889, after foregoing orders, the Commissioners Court passed an order requiring $75 to be placed with the county treasurer, subject to the order of Hopkins, as damages on account of the road, and the clerk was again ordered to issue warrant on the road and bridge fund. On November 16, 1889, the court appointed defendant Cravey overseer of the road in question, and ordered him to open the road through plaintiff's land as reviewed.

The clerk failed to issue warrant. In the fall of 1889, including November 16, there was no money belonging to the road and bridge fund in the treasury of the county, but since January 1, 1890, there has not been less than $500 of such fund on hand.

On the 7th day of March, 1890, after this suit was brought, the treasurer of the county mailed to Hopkins the following notice: "The law makes it my duty to notify you that the sum of $75 was ordered deposited subject to your order, to pay damages allowed you by the Commissioners Court for running the Goldthwaite and Brownwood road across your land."

The treasurer had separated the amount of $75 from other money in his hands, placed it in an envelope, and marked Hopkins' name on it as a deposit for him.

The Commissioners Court is authorized by statute to order the opening of a road after survey and report of the jury of view; "but," the act reads, "the court shall first order the payment of the damages assessed, if any, by the commissioners of view, to be made to the owner of the land, out of the county treasury, and the county treasurer shall have paid the same or secured its payment by a special deposit of the amount in his office subject to the order of such owner, and shall notify such owner by mail or otherwise of such deposit." Sayles' Civ. Stats., art. 4373.

It is contended by appellant, that he was not notified by the foregoing notice of the deposit, and therefore the law was not complied with. It was not a technical compliance with the statute, but if it was not sufficient to give plaintiff the required information (which we do not hold) it would be immaterial, as he was fully advised of the fact before trial by the pleadings of the defendant in the cause. All that plaintiff could reasonably demand would be actual notice of the fact. With such knowledge that the law had been fully complied with, and that the amount of damages was deposited with the treasurer subject to his order, he could not insist on the court sustaining his injunction on final hearing.

The attitude of the case at the time the writ was granted, and until the deposit was made, warranted the injunction. Plaintiff's land could not, without his consent, be applied to public use without adequate compensation (Bill of Rights, section 17); but the law having been fully complied with as to compensation pending the suit, it was proper to dissolve the injunction, simply because the right to the injunction and the ground

upon which it had been issued did not exist at the time of trial. In such case, all that plaintiff was entitled to was his costs, which were awarded him by the judgment of the court.

Had plaintiff, after notification by defendant's pleading, offered to receive the compensation allowed, and the treasurer refused it, the injunction should have been perpetuated, at least so long as the refusal was persisted in.

We do not agree with appellant's proposition, that he was entitled to the damages accorded him by the commissioners of view, and that the Commissioners Court could not reduce the amount. On this subject the statute provides, that "if the Commissioners Court shall approve of the report [of the jury of view], and order such road opened, they shall consider the assessment of damages by the jury and the claimant's statement thereof, and *allow* to such owner just damages and adequate compensation for the land taken." Sayles' Civ. Stats., art. 4372.

Under this statute, the Commissioners Court evidently had the power to fix the amount of compensation, notwithstanding the report of the jury. It is also provided in the same section of the statute, that "if the owner of the land is not satisfied with the assessment *by the Commissioners* Court he may appeal," etc. Plaintiff did not appeal.

The tribunal established by the Constitution to try the question of compensation having done so, its judgment is final, there being no appeal, and it can not be attacked in this collateral suit. Const., art. 5, sec. 18.

Appellant contends that the county failed for a period of sixteen months from the date of condemnation to pay plaintiff the damages, or secure payment by deposit, as required by law, and thereby lost its right, if it had any, under the condemnation proceedings. The damages were assessed by the court November 16, 1888; on May 16, 1889, the court ordered the $75 to be deposited with the treasurer as compensation to plaintiff. On November 16, 1889, the overseer was appointed and ordered to open the road, which he was proceeding to do when, on the 4th of December, 1889, this injunction suit was brought.

We do not think the evidence indicates any abandonment by the county of the order or the right to proceed thereunder to open the road, nor do we know of any principle of law that would lose to the county the right to so proceed, by the lapse of time intervening between the original order and the ultimate compliance with the law. The cases of Stewart v. Baltimore, 7 Maryland, 500, and Philadelphia v. Dickson, 38 Pennsylvania, 247, if cited by appellant on this proposition, do not establish it. No inference that there was a waiver or abandonment of the county's rights under the order can be legitimately drawn from the evidence; but on the contrary, it seems from the subsequent orders and the resistance to the suit, that the right to open the road would be insisted upon by the county.

We do not think any of the assignments of error or propositions made thereunder can be sustained, but that the judgment of the lower court was in all things correct, and should be affirmed.

*Affirmed.*

Adopted June 7, 1892.