**BURGESS v. CITY AND COUNTY OF DALLAS LEVEE IMP. DIST.**

**No. 2174.**

Court of Civil Appeals of Texas. Eastland.

Oct. 3, 1941.

Rehearing Denied Oct. 24, 1941.

J. C. Muse and .W. L. Crawford, both of Dallas, for appellant.

Emil Corenbleth, of Dallas, for appellee.

FUNDERBURK, Justice.

By this suit the plaintiff, City and County of Dallas Levee Improvement District, hereinafter for brevity called the Levee District, seeks to recover from the defendant, J. P. Burgess, $25,000, being the alleged value of sand and gravel taken by defendant from two tracts of land aggregating 102.3 acres. Plaintiff specially pleaded, as its title to the land, a certain judgment recovered by it on the 6th day of January, 1930, in a cause entitled J. P. Burgess vs. City and County of Dallas Levee Improvement District. The judgment was described as one "decreeing the title and possession" of the land in the plaintiff; that said judgment became final; that it awarded Burgess the sum of $32,-801.47 which, including interest, represented the market value of the land on December 5, 1928. The judgment was ren-

dered in an appeal from condemnation proceedings and a copy of the same was attached as an exhibit to the plaintiff's petition.

Burgess, by his pleadings, made the defense that the Levee District's interest in the land was only that of an easement and that in appropriating the sand and gravel Burgess was doing so in virtue of his ownership of the land, subject to the Levee District's easement therein and without interference with such easement.

In a nonjury trial the court, construing the action as one to recover title and possession of the land and damages for conversion of the sand and gravel, and incidentally an accounting and injunction, gave judgment awarding the Levee District recovery of the land, together with damages in the sum of $9,252.70 and perpetually enjoining Burgess from going upon the property and excavating for sand and gravel.

The main question for decision may be stated thus:

Did the judgment in the condemnation suit (aided, of course, by all proper presumptions arising from it), considered as evidence, alone have the effect of showing that the Levee District owns the land in fee simple? Presumably the District Court had jurisdiction to render the judgment. Such presumption obtains whether the land condemned consisted of a full fee simple estate or a lesser interest, such as an easement.

The general rule is that the nature of the estate in lands, constituting the subject-matter upon which the power of eminent domain operates, is that of an easement. R.S.1925, Arts. 3270, 6339. As to Levee Improvement Districts the power may extend so as to include a fee simple estate. R.S.1925, Art. 7981. By this statute the extent of the power is such as "to enable them [Levee Districts] to acquire the fee simple title, easement or right of way to, over, and through any and all lands, water, or lands under water, private or public (except land and property used for cemetery purposes), within, bordering upon, adjacent or opposite to such districts, necessary for making, constructing and maintaining all levees and other improvements for the improvement of a river or rivers, creek or creeks, or streams within or bordering upon such districts to prevent overflows thereof." Id. It is thus clearly apparent that the Legislature intended by

such delegation of the power of eminent domain to include the power to condemn either the fee simple estate or a lesser estate such as an easement or right-of-way.

■ The statute does not purport to make, nor under the Constitution could it validly make, any change in the formerly recognized distinction between property *taken* and property *damaged*. Const. Art. 1, § 17, Vernon's Ann.St. The change made was to empower Levee Improvement Districts to condemn lands to the extent of either a fee simple estate or an easement. This, however, was a different distinction from that existing between property *taken* and property *damaged*. The general rule was that property *taken* even as contradistinguished from property *damaged*, meant taken to the extent of expropriating only an easement in the land.

■ The question here suggests itself: How and by which of the several agencies, or departments, of government is it to be determined, respecting any particular tract of land to be condemned, whether the condemnation is to extend to the fee simple estate therein or only to an easement? Is the power to make such determination legislative or judicial? The answer to the latter questions is to be found in good authority. The power is undoubtedly legislative. Texas Cent. Ry. Co. v. Bowman, 97 Tex. 417, 79 S.W. 295; McInnis v. Brown County Water Improvement Dist., Tex.Civ. App., 41 S.W.2d 741, and authorities cited; Cox v. Brown County Water Imp. Dist., Tex.Civ.App., 45 S.W.2d 1118; McInnis v. Brown Co. Water Imp. Dist., Tex.Civ.App., 45 S.W.2d 1118. The power of eminent domain, necessarily including the particular power under consideration as an incident thereof, "lies dormant in the state until legislative action is had pointing out the occasion, mode, conditions and agencies for its exercise." 20 C.J. 533, § 23. As further said by this same authority, more particularly respecting the very question under consideration, "The *extent* to which property shall be taken for public use rests wholly in the legislative discretion subject to the limitation that due compensation be made." 20 C.J. 625, § 111. (Italics ours.)

■ Under our three-part separated powers of government the only function of courts (being of the judicial department) as regards the power of eminent domain is to interpret legislative action and, except when in conflict with constitutional provisions, to give effect to same. The Legislature of this State is without power to delegate to courts the power to determine whether land which is to be condemned shall be expropriated to the extent of a fee simple estate therein, rather than an easement therein, or vice versa. "The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas'" is the declaration of the Constitution. Const. Art. 3, § 1. That alone is an implied prohibition against the exercise of such power by other agencies subject to expressly permitted exceptions. But such prohibition does not rest in implication alone. The Constitution further affirmatively declares that "The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." Const. Art. 2, § 1. These constitutional provisions force the conclusion that the Legislature, even if it attempted to do so, would be without power to delegate to the judicial department the power of declaring to what extent particular lands may be condemned in the exercise of the power of eminent domain, except, of course, in the sense consistent with the exercise of judicial power of construing legislative action and determining questions of conflict, if any, between such legislation and constitutional limitations upon the exercise of legislative power by the Legislature, or other agency to which legislative power may be delegated. In other words, if the Legislature has not itself declared the circumstances, conditions or facts which must exist in order that a Levee Improvement District may exercise the delegated legislative power of determining whether a particular tract of land may be condemned to the extent of expropriating the fee estate rather than an easement, or vice versa; or, has not validly delegated the power to the Levee Improvement District, or other agency to declare such circumstances, conditions or facts and determine the extent of expropriation to be made; or, if delegation of all such powers has been made, but

said Levee Improvement District or other agency has not exercised such power then a district court has no power to make an award of damages which can have the effect of an adjudication of such expropriation.

It is safe to say the Legislature has not by its own act prescribed any rules by which it appears that the two tracts of land in suit aggregating 102.3 acres, or particular parts of same, was within the power of the Levee District, or other agency, to condemn to the extent of expropriating the fee simple estate therein. If, therefore, the essential power to make such determination existed it must be found as included in the delegation of power by the Legislature to the Levee District, or some other agency.

■ It is not necessary to the proper disposition of this case for this court to determine whether the Legislature by said Article 7981, or other statutory provisions, has made a valid delegation to the Levee District, or some other agency, of the power to determine what particular lands may by condemnation be expropriated to the extent of a fee simple estate and what to the extent of an easement. It is deemed sufficient to proceed upon the premise, provisionally, that if such power existed, it was necessary that it be exercised. In other words, if the Legislature has made a valid delegation of the power, the agency to which it has been delegated cannot exercise the power merely by unexpressed intention. It was at least necessary that the agency exercise the power by some affirmative certain expression and such expression, according to its nature, would condition and limit the effect of any judgment of the district court awarding a recovery of damages. Without such essential legislative action a judgment would constitute no affirmative evidence of the nature of the expropriation in the respects under consideration.

■ The judgment presupposes that a fee simple estate or an easement, one or the other, has been expropriated. That, however, is determinative of no controlling issue in the case. The judgment, we think, is equally consistent with the expropriation of a fee simple estate, or only an easement. An easement in land is an interest in land and therefore is land. Ordinarily, in condemnation suits, as said before, the judgment evidences an expropria-

tion only of an easement in the land. Such fact, however, is not shown by the judgment. In terms the ordinary judgment which does evidence the expropriation of only an easement is substantially the same as the judgment in this case. Therefore, in our opinion, the judgment alone is no evidence that the expropriation of the land in suit includes a fee simple estate. If this view be correct then the Levee Improvement District having the burden of showing by a preponderance of the evidence its ownership of the land to the extent of the fee simple estate therein failed to make the essential proof, since the only evidence upon that issue consisted of said judgment, which was evidentiary only to the extent of showing that the Levee District owned either the fee simple estate or an easement, but not one rather than the other.

■ In the condemnation suit in which the judgment was relied upon as sole proof of fee simple title in the Levee District, the jurisdiction of the court was limited by the provision of the statute that the "only questions to be considered on such appeal [from the decree of the Commissioners Appraisement] shall be whether just compensation has been allowed for property taken or whether property [proper?] damages have been allowed for property injured or whether any damages are recoverable at all." R. S.1925, Art. 7995. This limitation conforms with the constitutional prohibition that "no person, or collection of persons" being of the judicial department shall "exercise any power properly attached" to the Legislative Department "except in the instances herein expressly permitted." But even if it did not conform then the statute would have to yield and by construction be made to conform, or be held to be void. It is to be observed that the statute literally purports to empower the court to determine that no damages are recoverable. Could it be contended that thus the court is empowered to adjudge the expropriation of the fee estate in land belonging to a citizen without any payment therefor? Such a construction would have to be rejected as contrary to the Constitution. Const. Art. 1, § 17. Therefore, a judgment which purports to do no more than award a land owner a recovery of damages to particular tracts of land, as in the case presented, without identifying the subject-matter of the expropriation as to whether it be a fee simple estate or an easement is no evidence that it was one rather than the other.

If the Legislature has delegated to the Levee District, the District Supervisor, the District Engineer, the Commissioners of Appraisement, or the State Reclamation Engineer, one or more, or all, the power to determine, as to land sought to be condemned, whether the expropriation shall be to the extent of the fee simple estate, or only an easement and *such determination has been made,* or, in other words, in some manner affirmatively expressed, the evidence thereof (such legislative action not being embraced in any statute of which courts take judicial notice) is necessary in connection with the judgment relied upon by the Levee District in order to prove its asserted fee simple ownership of the land.

In the condemnation suit, which was an appeal from the decree of the Commissioners of Appraisement, and wherein was rendered the very judgment relied upon by the Levee District to prove that it owned the fee simple estate in the lands in suit, Burgess claimed damages to the land in the sum of $306,900 and specified damages to his sand and gravel business. The Levee District, by its pleadings, in part asserted as follows: "That plaintiff [Burgess] still has title and possession to the 61.7 acres of land, described in his said petition, [part of land in suit] and the use thereof by plaintiff in the mining of sand and gravel will not impair defendant's levee contiguous thereto, and defendant's plan of improvement provides that plaintiff shall and will have ingress and egress to said 61.7 acres.

"2. That plaintiff still has title and possession to that part of his land described in said petition, which is in defendant's floodway; that he has the lawful right to mine sand and gravel therefrom so long as it will not interfere or impair the defendant's levees and improvements; that by reason of the location of plaintiff's land it was, at the time he purchased it, in the valley of the Trinity River susceptible to floods at all times of each year; that plaintiff has the right and privilege to take sand and gravel from his said land, both from the river channel and floodway, so long as he does not seriously impede the free flow of the water, and/or dig sand and gravel so as to undermine or impair defendant's levees crossing said land; that the only portions of plaintiff's land from which he cannot mine or take sand or gravel are the parcels thereof under the levees and berms or toes, and barrow pits, and all of which defendant is ready to verify."

But for the fact that such allegations followed a general denial the court would have been under the duty to make the award of damages for the expropriation of only an easement in at least a large part of the land with the effect of thereby determining the matter in controversy in this suit in favor of Burgess. In addition to the above allegations the Levee District urged special exceptions implying the same admission that the subject-matter of the condemnation was only an easement and not the fee simple estate. The action of the court in excluding this answer from evidence is here assigned as error. We sustain the assignment. Such pleadings were admissible to show the subject-matter of the judgment in a material respect not shown by the provisions of the judgment itself. Such evidence, therefore, was not in contradiction or variation of the judgment.

Further, such pleadings tended to show an estoppel of the Levee District to claim a fee simple interest in the land at least as to all parts thereof not occupied by the levees. It is our conclusion that the judgment should be reversed and the cause remanded, which is accordingly so ordered.