Mrs. Elma JACKSON, Appellant,

v.

The CITY OF ABILENE, Appellee.

No. 3165.

Court of Civil Appeals of Texas.

Eastland.

June 3, 1955.

Rehearing Denied Sept. 9, 1955.

Jackson & Jackson, Baird, for appellant.

Smith, Bickley & Pope, Abilene, for appellee.

LONG, Justice.

On June 22, 1929, the City of Abilene filed a petition against I. N. Jackson and his wife, Elma Jackson, in the County Court of Taylor County, cause No. 6903, to condemn 56 acres of land for use as an airport. Based upon jury findings, judgment was entered in favor of the City for the fee simple title to the land. From this judgment no appeal was taken.

The City paid to the Jacksons and the holders of liens on the property the amount of money found by the jury to be the market value of the land. The City went into possession of the property and for many years used it as an airport. The City has abandoned the airport and has ceased to use the land as such. This suit was instituted

by the City of Abilene against Mrs. Elma Jackson, individually and as the sole devisee under the will of her husband, I. N. Jackson, deceased, in trespass to try title and to remove cloud therefrom. Upon a trial before the court without a jury, judgment was rendered in favor of the City as prayed for. From the judgment Mrs. Jackson has appealed.

It is the contention of appellant that in the condemnation proceedings the City only acquired an easement in the land and did not acquire the fee simple title thereto. It is her further contention that the City, having abandoned the land as an airport, the title thereto reverts to her.

■ If the City did not acquire a fee simple title to the land under the condemnation, then there is no question but what the land and the title thereto, upon abandonment as an airport, did revert to appellant. On the other hand, if the City acquired a fee simple title, appellant has no claim to or interest therein.

"When land has been acquired for the public use in fee simple unconditional, either by the exercise of the power of eminent domain or by purchase, the former owners retain no rights in the land, and the public use may be abandoned or the land may be devoted to a different use without any impairment of the estate acquired or any reversion to the former owners." 18 Am.Jur. 747.

The question thus presented is, did the City, in the condemnation proceeding, acquire the fee simple title to the land? We think it did. From an examination of the record in the condemnation proceeding it is apparent that it was tried upon the theory that the city was seeking to acquire a fee simple title. It is shown by the record that the City tried to purchase the land from Mr. Jackson but the parties were unable to agree upon the price to be paid therefor. Commissioners were appointed who made their report and fixed the value of the land and the damages to be assessed by reason of its being taken by the City. On the trial of the case the court submitted the following special issues:

"Special Issue No. 1. For the purpose of owning, operating and maintaining a municipal airport and the construction of the necessary permanent improvements therefor and for the proper space for same, is it necessary for plaintiff to extend its premises for such airport to include the tract of land described in plaintiff's petition and belonging to defendants? Answer yes or no.

"Special Issue No. 2. Is the acquisition and use of the land in controversy essential or necessary for the purposes for which it is sought to be taken or condemned? Answer yes or no.

"Special Issue No. 3. What is the fair market value of the fifty-six acres of land in controversy in the market where it is located at the time of this hearing? Answer in dollars and cents.

"In answering question No. 3, you are instructed that in arriving at the fair market value of said property you may take into consideration all the uses to which it may reasonably be adapted. The burden of proof is upon the plaintiff to establish the affirmative of questions 1 and 2 and the amount in question No. 3, by a preponderance of the evidence."

The jury answered special issues Nos. 1 and 2 "yes" and question No. 3, $7,560. Based upon these findings, the court decreed that the City of Abilene have and recover of and from the defendants, I. N. Jackson and wife, Elma Jackson, the *fee simple title* to said lands and all right, title and interest of the said I. N. Jackson and wife, Elma Jackson, be divested from said I. N. Jackson and wife, Elma Jackson, and that same be vested in the City of Abilene, Texas, upon the payment by the City of the market value of the land as found by the jury.

■ The City had the power to acquire a fee simple title by condemnation under

the statutes and its charter. The City relied upon Senate Bill No. 581, Chapter 281 of the Regular Session of the 41st Legislature, 1929, page 614, which is as follows:

"That the governing body of any incorporated city in this State having a population of more than ten thousand inhabitants according to the 1920 United States Census and located in a county having a population of less than one hundred thousand inhabitants according to the United States Census, may receive through gift or dedication, and is hereby empowered to acquire by purchase, without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an air port tracts of land, either within or without the corporate limits of such city * * *."

We believe this statute conferred upon the City the power to acquire the fee simple title to land to be used for airport purposes. Article 8263h, Sec. 34, Vernon's Annotated Civil Statutes, confers upon navigation districts the right of eminent domain and is similar to Senate Bill No. 581. The San Antonio Court of Civil Appeals in Meaney v. Nueces County Navigation District No. 1, 222 S.W.2d 402 (Writ Ref.), in construing said statute, held that it conferred upon navigation districts the right to condemn a fee simple title.

■ The judgment of the county court in the condemnation proceeding vested in the City the fee simple title to the land. There was no appeal from this judgment. The City paid the amount of money called for in the judgment as consideration for the land. Appellant contends the judgment is void because the pleadings of the City are insufficient. Stated another way, appellant says that the City did not ask for a fee simple title in such proceeding. We cannot agree with this contention. The judgment in the condemnation proceeding is not void. The court had jurisdiction of the parties and the subject matter. The validity of the judgment does not depend upon the sufficiency of the pleadings. The judgment cannot be collaterally attacked because of the insufficiency thereof.

In Moore v. Perry, 13 Tex.Civ.App. 204, 35 S.W. 838, 841, the court said:

"The judgment is the final act of the court, and where a court has jurisdiction of the subject-matter, and renders a judgment, its validity will depend neither on the regularity of the process, nor the sufficiency of the pleadings."

Our Supreme Court, in the case of Conner v. McAfee, Tex.Civ.App., 214 S.W. 646, 648, laid down the following rule:

"In an exhaustive note to the case of Jarrell v. Laurel Coal & Land Co., reported in L.R.A.1916E, [316,] the question of a collateral attack upon a judgment because of the insufficiency of the pleadings is fully discussed, and a multitude of cases from practically every state in the Union is cited, holding that such attack cannot be sustained, and that, even though the judgment should grant more relief than is demanded, it is not void."

■ We have concluded the pleadings of the City were sufficient in a direct attack to sustain a judgment for a fee simple title. The judgment in the condemnation proceeding vested an absolute fee simple title in the City. This, under the law, carried with it the minerals as well as the surface of the land. A different rule as to the minerals might apply if the mineral estate had been severed from the surface but there had never been any severance of the minerals and it is our opinion that the mineral estate passed to the City along with the surface right in the land.

We have concluded the trial court rendered the only judgment that could have properly been rendered under the facts in this case.

The judgment is affirmed.

GRISSOM, C. J., disqualified.