**J. H. BRUNSON and wife, June Brunson, Appellants,**

**v.**

**The STATE of Texas et al., Appellees.**

**No. 238.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1966.

Rehearing Denied Dec. 29, 1966.

Mahoney, Shaffer & Hatch, Richard J. Hatch, Corpus Christi, for appellants.

Woodrow Curtis, Asst. Atty. Gen., Austin, Fischer, Wood, Burney & Nesbitt, James R. Harris, Sorrell, Anderson & Porter, William R. Anderson, Jr., Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment rendered in favor of appellees against appellants.

This suit was originally filed in the district court by appellee, State of Texas against appellants J. H. Brunson and wife, and two other defendants (who apparently were not served with citation, did not make an appearance, and who are not material to disposition of the suit), as a result of a dispute concerning certain property, consisting of a trailer house, cabana and other items, following a condemnation suit between the same parties which was numbered 332 in the County Court of Nueces County, Texas. In this case the State alleged that it had acquired title to the trailer house and other items in the condemnation proceeding and that the defendants, Brunsons, et al., had converted the same to their own use, resulting in damages of $3,227.00. Shortly after the instant suit was filed, the State recovered possession of the trailer house from the Brunsons under writ of possession issued out of the County Court, and the State's damage claim was reduced to $327.00.

The Brunsons filed a cross-action for damages in the instant case against the State as well as against Harry W. Coon and T. O. Foster, Jr., its agents, as third party defendants. They sought damages against all of appellees for conversion or taking of the trailer house and also for alleged slander as against the cross-defendant Harry W. Coon.

All parties filed motions for summary judgment. The motions of the State and the cross-defendants Foster and Coon were directed against the Brunsons' cross-action. Brunsons' motion was for partial summary judgment establishing liability against the State and the third party defendants, which if granted would have left only the issues of damages because of the alleged conversion or taking and for slander to be later determined by the fact finder. The trial court granted the motions for summary judgment filed by the State, Foster and Coon, and refused that of the Brunsons.

Appellants assert seven points of error. Five of them (3, 4, 5, 6 and 7) complain of the granting of the motions for summary judgment. Point 1 asserts that the trial court erred in denying the Brunsons' motion for partial summary judgment, and point 2 alleges error in not granting Brunsons' motion to strike the affidavits and exhibits filed by the State, Foster and Coon.

The material facts involved in the condemnation proceeding will be briefly stated. On May 10, 1962 the State filed petition for condemnation with the County Judge for a right-of-way across Brunsons' property, de-

scribed as Lot 12, Ebony Acres, an addition to the City of Corpus Christi, Texas. The Special Commissioners appointed to assess damages held a hearing pursuant to notice on June 7, 1962, and made an award on June 8, 1962 in the amount of $14,308.00. On June 14, 1962, Brunsons filed objections to the award, and the case then was for disposition by the County Court. On July 9, 1962 the State deposited the amount of the award in the registry of the County Court and Brunsons withdrew it on July 11, 1962. On July 16, 1962 the County Court rendered final judgment in Cause No. 332, granting the State an easement for right-of-way purposes over Brunsons' property and awarding them $14,308.00. On or about July 18, 1962 Brunsons removed the trailer house and other items from the location of the easement. On August 23, 1962, the Clerk of the County Court issued a writ of possession commanding the sheriff or constable to deliver possession to the State of the premises covered by the easement and also the house trailer and aluminum cabana. On September 12, 1962 Brunsons filed a cross-action against the State and third party petition against Foster and Coon. On September 13, 1962 the sheriff took possession of the house trailer and delivered it to Foster as agent of the State. Final judgment in the instant case was rendered on January 21, 1966.

The basic dispute between the parties relates to whether the State acquired title to the trailer and other items permanently located on the easement by virtue of the condemnation proceedings in the County Court. The State claims that it did so acquire title, and appellants contend that title remained in them. We will first consider that issue.

We have concluded that the summary judgment evidence does not raise any genuine issue of material fact as to whether the State acquired title to the house trailer and other items formerly located on the easement acquired by the State; that the trial court correctly held that the State was entitled to recover as a matter of law and properly granted the State's motion for summary judgment.

■ The general rule applicable to condemnation for an easement upon which permanent improvements are located is that absent an agreement between the parties to remove the improvements, the condemnor "must either take the land with the permanent improvements thereon as it stands and pay for it accordingly, or reject it in toto." State v. Miller, 92 S.W.2d 1073 (Tex.Civ.App., 1936, n. w. h., opinion per Alexander, J.). The rule is reiterated and the applicable measure of damages stated in Lower Nueces River Water Supply District v. Sellers, 323 S.W.2d 324, 330 (Tex. Civ.App., 1959, wr. ref., n. r. e.), wherein an easement was taken, as follows:

"The general rule, which is applicable in this case, has been stated in 29 C.J.S. Eminent Domain § 175, p. 1044, as follows:

'Where land is condemned for public uses, the value of buildings or other improvements and fixtures on the land must be considered in determining the owner's compensation, to the extent that they enhance the value of the land to which they are affixed, the appropriator being required either to take the land with the improvements he finds thereon or to reject it in toto.'

See State v. Carpenter, 126 Tex. 604, 89 S.W.2d 979; 18 Am.Jur. 891; Nichols on Eminent Domain, 3rd Ed. Vol. 4, p. 203."

The record in this case shows that the house trailer and other items were located on the easement at the time the petition in condemnation was filed and when the Brunsons withdrew the amount of $14,-308.00 deposited by the State following the Commissioners' award and when the County Court rendered its final judgment of condemnation. That judgment recites that the Brunsons, et al. "should be awarded the total sum of Fourteen Thousand, Three

Hundred Eight and no/100 Dollars (14,-308.00) as total compensation for said easement and damages suffered by the Defendants by reason of the taking of said easement."

In the hearing before the Commissioners, Brunsons took the position, and Mr. Brunson affirmatively testified, that they wanted the State to take the said permanent improvements and to compensate the owners for same in connection with the taking of the easement. This did not add anything to the State's obligation of adequate compensation but does show the Brunsons' intention not to remove the permanent improvements, which was not changed until after the final judgment was rendered in the County Court.

The record herein shows that there was never any agreement between the State and the Brunsons for them to remove the permanent improvements from the location of the easement. Brunsons' position here is not predicated on any such agreement, but instead is based solely upon the contention that they continued to be the fee owners of the land upon which the easement was granted to the State, and allegedly continued to own the permanent improvements situated thereon. Brunsons further say that although they contended before the Commissioners that they should be paid by the State for the permanent improvements located on the easement, nevertheless, they were entitled to change their position after they filed objections to the award and the case became one for judicial determination by the County Court.

■ It is well settled that a condemnee is required to recover all his damages upon the trial of the condemnation case and not later on. City of La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243 (1943); City of Corpus Christi v. Polasek, 404 S.W.2d 826 (Tex.Civ.App., 1966, n. w. h.). The cases also make it clear that unless the use of the easement condemned is limited in an express manner, the presumption remains that the condemnor can and will use the land and improvements to the fullest extent possible under the law City of Corpus Christi v. Polasek, supra; Perkins v. State, 150 S.W.2d 157 (Tex.Civ.App., 1941, wr. dism.); Texas Power and Light Company v. Cole, 158 Tex. 495, 313 S.W.2d 524 (1958); Rayburn, Texas Law of Condemnation, Sec. 228, p. 584.

■ When the State deposited the amount of the Commissioner's award in the registry of the County Court, it had a right from that time forward to make the fullest possible use of the easement and the permanent improvements situated thereon. The only remaining question was the amount of the Brunsons' compensation, which included the value of the easement and the permanent improvements to the extent that they enhanced the value of the land to which they were affixed. When the case came on for hearing in the County Court all parties were charged with notice that the State was obligated to pay the Brunsons compensation in accordance with that rule and that the award made by the final judgment would necessarily include all of the Brunsons' damages.

■ If the Brunsons did not desire to be compensated for the improvements on the easement they should have made their changed position known prior to entry of judgment so that the State could have been given an opportunity to agree and be relieved of payment in connection with enhanced value because of the improvements. A change in position by the Brunsons concerning the improvements after the final judgment was entered, under these circumstances, was too late.

■ Under the undisputed facts shown by the summary judgment record herein, we conclude that absent an agreement authorizing removal of the improvements by the Brunsons the judgment of the County Court included compensation to the Brunsons for the permanent improvements then situated on the easement, and that the State acquired title to all of same. Appellants'

points 3 and 4 relating to the granting of the State's motion for summary judgment, are overruled.

 We now pass to consideration of the action of the trial court in granting the motions for summary judgment filed by Coon and Foster. Under the facts and law hereinbefore set out, Coon and Foster were not liable to the Brunsons on the basis of conversion or unlawful taking of the trailer house and other items. As we have held, the State acquired title to the same and Coon and Foster, its agents, acted lawfully in securing or receiving possession of such items through the Sheriff under writ of possession issued by the County Court in the condemnation case. Their conduct in such respect did not give rise to any cause of action in favor of the Brunsons.

The remaining cause of action asserted by the Brunsons is against Coon for allegedly having published and circulated false and defamatory statements to the effect that the Brunsons had swindled and stolen the house trailer from the State of Texas, such statements allegedly having been made· to members of staff of the County Attorney's office of Nueces County and to Texas Rangers. Brunsons did not controvert the motion for summary judgment filed by Coon. The record shows that in a deposition Coon was asked if he had made statements of the tenor alleged by the Brunsons, and on the advice of counsel refused to answer on the ground that such communications were privileged. The matter was not further pursued. There is no evidence of probative force showing that Coon made the statements attributed to him although there is some hearsay testimony to such effect. Even if there had been evidence that statements were made to the public officers mentioned, it appears that such communications were privileged. Hott v. Yarbrough, 112 Tex. 179, 245 S.W. 676 (1922); 48 A.L.R.2d 722; Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909 (1942) affirming Tex.Civ.App.,

155 S.W.2d 950; 36 Tex.Jur.2d, Libel and Slander, Sec. 70, p. 357.

The trial court properly granted the motions for summary judgment filed by Coon and Foster as well as that on behalf of the State of Texas. Appellants' points 5, 6 and 7 are overruled.

It follows from what has been said in connection with the points discussed that appellants' motion for partial summary judgment was properly overruled by the court. Appellants' point 1 is overruled.

Appellants' point 2, complaining of the trial court action in overruling their motion to strike appellees' exhibits and affidavits, on the basis that the same constitute an attempt to collaterally attack the judgment in the County Court, is also overruled.

The judgment of the trial court is affirmed.