**J. H. BRUNSON et ux., Petitioners,**

**v.**

**The STATE of Texas et al., Respondents.**

**No. B–76.**

Supreme Court of Texas.

July 26, 1967.

Rehearing Denied Oct. 4, 1967.

Mahoney, Shaffer & Hatch, Richard J. Hatch, Corpus Christi, for petitioner.

Fischer, Wood, Burney & Nesbitt, James R. Harris, Corpus Christi, Crawford Martin, Atty. Gen., Woodrow Curtis, Asst. Atty. Gen., Austin, Sorrell, Anderson, Porter & Stone, William R. Anderson, Jr., Corpus Christi, for respondent.

STEAKLEY, Justice.

■ This appeal from a summary judgment for the State, affirmed by the Court of Civil Appeals, 410 S.W.2d 9, requires a determination of whether a judgment in a condemnation proceeding awarding the State an easement for highway right-of-way purposes, and fixing the compensation to be paid the landowners, includes title to permanent improvements located thereon about which the judgment is silent. We hold that it does not.

The problem reaches us in this manner. On May 10, 1962, the State of Texas, Respondent, and Nueces County, initiated condemnation proceedings against J. H. Brunson and wife, Petitioners, and others not pertinent here, for the stated purpose of occupying certain land of Petitioners for right-of-way purposes in widening Highway Number 358. Special commissioners were appointed pursuant to Art. 3264[1] who subsequently awarded Petitioners the sum of $14,308.00 as damages sustained by Petitioners "by reason of the taking of said easement." Petitioners filed timely objections to the award and pursuant to Art. 3268 the State deposited the award sum of $14,308.00 in the registry of the county court. The award was withdrawn by Petitioners. Thereafter, the county court of Nueces County entered judgment finding "that the State of Texas should be awarded the easement herein sought for highway right-of-way purposes" and awarding Petitioners the sum of $14,308.00 as "damages for such right-of-way easement." This judgment has become final.

There was located on the property over which the right-of-way easement was obtained certain permanent improvements consisting of a trailer house, cabana, and other related items. The condemnation judgment is silent as to their disposition and the record in the county court hearing is not before us. Petitioners removed the improvements subsequent to the judgment of the county court, whereupon the State filed this suit against Petitioners alleging the acquisition of title to the improvements and that Petitioners had converted them to their own use to the damage of the State in the sum of $3,227.00. Shortly after filing the suit, the State recovered possession of the improvements under a writ of possession issued out of the county court and reduced its damage claim to $327.00.

Petitioners filed a cross action against the State and Respondents Harry W. Coon and T. O. Foster, Jr., the agents and employees through which the State acted, alleging conversion of the trailer house and related items, and seeking a joint and several judgment for damages; there was also a damages count against Respondent Coon for an alleged slander of Petitioners. The motions for summary judgment of the Respondents, the State, Coon and Foster, against the cross action of Petitioners were granted by the trial court. The action of the trial court in such respects was brought forward by proper points in the appeal of Petitioners to the Court of Civil Appeals. In their points of error here, however, following affirmance of the judgment of the trial court, Petitioners present only the points copied in the footnote[2] which do not

---

1. All references are to Vernon's Annotated Civil Statutes.

2. "First Point of Error: The Court of Civil Appeals erred in considering evidence presented before the special condemnation commission.

   "Second Point of Error: The Court of Civil Appeals erred in allowing the trial court to consider the evidence presented

bring forward for review the action of the Court of Civil Appeals in affirming the trial court judgment granting the motions for summary judgment of Respondents Coon and Foster.

■ Article *6674w–3* authorizes the State through the State Highway Commission to purchase and condemn for highway construction purposes any land in fee simple title, or any lesser estate or interest therein, with certain exceptions not relevant here. The State elected to condemn a lesser estate in the nature of a right-of-way easement over Petitioners' land. The easement thus acquired carried with it the right of the State to remove any improvements on the land which would interfere with the full and beneficial use of the easement rights but did not take away the subsisting ownership of the landowner in the improvements and his right to remove them. In Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524 (1958) the utility sued to condemn an easement and by an amendment to its petition relinquished until a special date its easement rights to interfere with the sand and gravel mining operations of the landowner. In holding this to be a permissible arrangement we said: "The petitioner [condemnor] under the original easement or the amendment thereto never acquired any rights to the gravel upon the property, but the respondents at all times remained the owners thereof." See also Odum v. Rutledge & J. R. Co., 94 Ala. 488, 10 So. 222, 223 (1891), stating that the easement condemnor "had the right to remove all buildings or constructions located upon its right of way, or which interfered with its use; but the property interest in such building or improvement remained in the owner, subject to the right of the company [condemnor] to have them removed." See also 2 Lewis, Eminent Domain § 853, p. 1490.

■ This recognition that in an easement taking title to the land and its appurtenances remains in the landowner comports with the rule stated in 3 Nichols on Eminent Domain § 9.2[5] (1965):

"Where the fee simple absolute title to land has been acquired the condemnor acquires all appurtenances thereto, buildings thereon, minerals lying beneath the surface, waters thereon * * *.

"Where only an easement is acquired the owner retains title to the land and all that is ordinarily considered part of the land."

Cf. Burgess v. City & County of Dallas Levee Imp. Dist., 155 S.W.2d 402 (Tex. Civ.App.1941), error ref. w. o. m. See Heyert v. Orange & Rockland Utilities, Inc., 17 N.Y.2d 352, 271 N.Y.S.2d 201, 218 N.E.2d 263 (1966); Thompson v. Orange & Rockland Elec. Co., 254 N.Y. 366, 173 N.E. 224 (1930); and Shields v. Norfolk & C. R. Co., 129 N.C. 1, 39 S.E. 582 (1901).

■ If we correctly apprehend the basic position of the State, and the underlying rationale of the Court of Civil Appeals, it is that if acquisition by the State of title to the permanent improvements does not follow from the judgment awarding the easement and damages, standing alone, such does follow from parol proof that Petitioners claimed compensation for the improvements before the special commissioners and failed to show a contrary claim in the hearing on appeal to the county court. This appears to rest upon the reasoning that an easement condemnor will be held to have acquired, and the award of damages to have included, title to the permanent improvements located on the easement right-of-way if the landowner does not establish an agreement or special arrangement with the condemning authority that such will not be

---

before the special condemnation commission by its failure to strike the state's exhibits and affidavits based on the same.

"Third Point of Error: The Court of Civil Appeals erred in holding that the state of Texas acquired title to permanent improvements situated on the easement granted the state over and across Brunsons' property."

the case, which in turn must be implemented by corresponding provisions in the condemnation judgment. It is correct, of course, that the parties to an easement condemnation may agree upon the disposition of permanent improvements which may be involved and upon a corresponding basis for payment of compensation. It has also been held that the condemnor may under circumstances of non-prejudice to the landowner diminish the extent of the easement taking and thereby reduce its cost. See Texas Power & Light Co. v. Cole, supra. But it should be the burden of the condemning authority to have its judgment speak expressly of special arrangements or provisions in the easement taking; otherwise, the ownership of the landowner in improvements which are a part of the realty, and his right to remove them, will be enforced. Here the judgment is clear and unambiguous in its terms. It does no more than award the State the easement which it sought for right-of-way purposes over the land of Petitioners and fixes the amount of the damages therefor. The judgment is not subject to impeachment or collateral attack by the tendered proof of the stance of the parties before the special commissioners or of other collateral matters. We said in Hopkins v. Cravey, 85 Tex. 189, 19 S.W. 1067 (1892): "The tribunal established by the constitution to try the question of compensation having done so, its judgment is final, there being no appeal, and it cannot be attacked in this collateral suit. Const. Art. 5 ¶ 18." *Hopkins* denied the affected landowner the right to question an award of damages in a collateral proceeding; the same rule is applicable to the condemning authority. See also Jackson v. City of Abilene, 281 S.W.2d 767 (Tex.Civ.App.) error ref. n. r. e. 1955; Taylor v. Tod, 185 S.W.2d 772 (Tex.Civ. App.) error ref. w. o. m. 1945, and cases cited. The rule is stated in 6 Nichols, Eminent Domain § 26.72 (rev. 3d ed. 1965):

"Once a final judgment of condemnation has been entered, such judgment cannot be attacked collaterally in any other form of action, except for lack of jurisdiction, fraud, or where such judgment is otherwise void. Such judgment is protected, when collaterally attacked, by the same presumptions of regularity which apply to judgments generally."

There is the final problem of the proper disposition of the cause in the light of the appellate record before us. As before noted, Petitioners did not bring forward for review the affirmance by the Court of Civil Appeals of the sustainment by the trial court of the motions for summary judgment of the Respondents, Harry W. Coon and T. O. Foster, Jr., and this action has become final. The motion for summary judgment of Petitioners on their cross action against the State for damages, which was denied by the trial court, was limited in terms to a motion for a "partial summary judgment" with the question of damages to be later determined.

We accordingly sever into one cause of action the suit of the State against Petitioners for damages for the alleged conversion of the trailer house, and related items; as to this cause we reverse the judgment of the Court of Civil Appeals and that of the trial court overruling the motion for summary judgment of Petitioners, and here render judgment for Petitioners that the State take nothing.

We sever into another cause the cross action of Petitioners against the Respondents Harry W. Coon and T. O. Foster, Jr., and with respect thereto affirm the judgments below.

We sever into a third cause the cross action of Petitioners against the State and reverse the judgments below and remand the cause to the trial court for further proceedings consistent with this opinion.

SMITH and GREENHILL, JJ., dissenting.

DISSENTING OPINION

GREENHILL, Justice.

I respectfully dissent. I agree with the opinion of the Court of Civil Appeals, 410 S.W.2d 9.